*John Cook, Cephas Smith*, and —— ——, for the defendant.

JOHN COOK, Esquire,
*against*
BEN PORTER, Esquire.

If a declaration contains a general count within the jurisdiction of the Court, it will not vitiate it, because the plaintiff has added a second count, exclusively within the jurisdiction of a single magistrate.

IN ERROR. This writ was brought to reverse a judgment of *Orange* County Court, rendered *December* term, 1800, in favour of the now defendant against the plaintiff in error.

In the original declaration, the plaintiff counted on a promissory note for 70 dollars, and added another count for *five dollars*, money advanced and lent. Judgment rendered on default.

Error assigned, that the declaration was insufficient: " for that the said *Ben Porter's* declaration consisted of two counts, the one for *five dollars* money lent and advanced ; which said count was within

the jurisdiction of a Justice of the Peace, and not within the jurisdiction of the County Court, and that said sum in damages was rendered entire on both counts."

*Oyer* of the record craved and produced. *In nullo est erratum* pleaded.

*Per Curiam.* The Court have inspected the record, and do not incline to consume time in hearing argument upon a case so plain.

The object of the Legislature in restricting small demands within the jurisdiction of a single magistrate does not apply here. It was to prevent the expense of litigation in the higher Courts upon controversies of trivial moment.

But where a creditor has a demand within the jurisdiction of the County Court, and is about to commence a suit upon it, it is not only legal but *laudable* in him to bring forward such other demands as may be joined in the same declaration, though separately considered, they may be within the jurisdiction of a Justice of the Peace. In this mode he will often save the defendant those costs which might have accrued from the prosecution of the lesser demands before a single magistrate ; and one suit without augmented expense may settle several controversies between the parties. To discourage this practice, which has long and very generally prevailed, would be to violate the spirit of the act establishing the Justice's jurisdiction.

Cook<br>v.<br>Porter.

Cook
v.
Porter.

Upon this intimation by the Court, the parties ac-commodated, and the suit was withdrawn by consent of parties.

*John Cook, pro se.*
*Cephas Smith,* Junior, for defendant.