## S. W. & S. S. KEYES vs. LYMAN WEED.

The statute of 1801 takes from the jurisdiction of the County Court every action or suit made cognizable before a Justice of the Peace.  Held, that if an action be brought before the County Court on several notes, each of which notes separately, is within the jurisdiction of a Justice of the Peace, yet if the aggregate amount of all the notes exceed his jurisdiction, such *action* is not made cognizable before a Justice of the Peace, and therefore the County Court have jurisdiction of it.

THIS was an action of *assumpsit,* brought originally before the County Court, on three several notes of hand—one for $249, one for $175, and one for $30.    After a general verdict for the plaintiff, in this Court, upon the issue of *non assumpsit,* the defendant moved in arrest of judgment, on the ground that the Court has no jurisdiction of the subject matter of the third count of the declara

*Franklin,*
*December,*
*1823.*

*Franklin.*
December,
182.:

Keyes
*vs.*
Weed.

tion which is upon the note for thirty dollars—the same being with in the jurisdiction of a Justice of the Peace.

*Fisk* for the plaintiffs.

*Brayton* for the defendant.

The opinion of the Court was delivered by

SKINNER, Ch. J. There is no pretence that the defendant is prejudiced by permitting the plaintiffs to include in the action the small note declared upon in the third count; and it cannot be questioned that such proceeding is laudable, and ought to be sanctioned by the Court, unless clearly forbid by the statute. The Legislature, by repeated acts, have attempted to prevent a multiplicity of suits, where a single action would avail the party; and the practice of the English Courts is to consolidate, and compel the plaintiff to pay costs.

It is insisted, that as a Justice of the Peace has jurisdiction over the subject matter of the third count, the County Court has not; for by the statute of 1801, concurrent jurisdiction is taken away. Before this statute was passed, it had been decided by the Supreme Court, that the County Court and Justices of the Peace had concurrent jurisdiction in *civil actions*, Young v. Saunders, 1 Tyler 8, and the statute forbids the County Court taking cognizance of any *action* or *suit* made cognizable before a Justice of the Peace. This statute says nothing about the *matter in demand* or *cause of action*. The statute of 1821 authorises a Justice of the Peace to hear, try, and determine all actions of a civil nature, where the matter in demand does not exceed 100 dollars. It is clear then under this statute, that a Justice has not jurisdiction of this action; the matter in demand in the action far exceeds 100 dollars.

The plaintiff is at liberty to join distinct *causes* of action in the same *suit* or *action*, or to bring separate actions upon each cause. It does not follow, that, because several actions may be sustained, and jurisdiction thereby given to a Justice of the Peace, where a joinder would be proper at common law, several actions must be brought, and the jurisdiction of the County Court ousted; nor did the Legislature so intend. In a variety of cases the plaintiff may elect to bring several actions, or but one; and so has ever been the course of proceeding. If several chattels are *trovered*, amounting in value, not separately, but in the whole, to more than 100 dol-

jars; if 200 dollars annual rent is reserved, payable quarter yearly; if a note of 150 dollars is made payable in several instalments, it is every day's practice in these cases for the plaintiff to elect his tribunal. As then there is no statute prohibiting the joinder of several *causes* of action in the same *suit* or *action*, and the joinder in this action is consonant to the common law, and the demand therein exceeds the jurisdiction of a Justice of the Peace, it results necessarily, that the County Court had original jurisdiction. This principle is supported by the case of Cook *v.* Porter, 1 Tyler, 450.

*Franklin,*
*December,*
*1823.*

*Keyes*
*vs.*
*Weed.*

Judgment must therefore be rendered on the verdict.