### David McFarland *vs.* Thomas McLaughlin.

If an action be brought before the County Court on several promissory notes
each of which is within the jurisdiction of a Justice of the Peace—yet if the
aggregate amount of all the notes exceed his jurisdiction, such *action* is not
made cognizable before a Justice of the Peace, and therefore the County Court
have jurisdiction of it.

<div style="margin-left: 2em;">
Bennington,
July,
1824.
</div>

THIS was an action of *assumpsit*, brought originally before the
County Court, upon two promissory notes, either of which, was
within the jurisdiction of a Justice of the Peace ; but both of
which exceeded in amount the sum of one hundred dollars.

Plea—*In abatement to the jurisdiction of the Court.*

And now upon appeal, the cause came on for trial upon the *Bennington, July, 1824.*
pleadings below.

*D. Church* for the plaintiff.

*M'Farland vs. M'Laughlin.*

*Smith* for the defendant.

AIKENS J. delivered the opinion of the Court.

A joinder of distinct causes of action, which might be joined at common law, is no where forbidden by our statute.   It is the *matter in demand* or *cause of action*, which determines the jurisdiction of a Justice of the Peace, over the *action* or *suit* itself. (St. 15 Nov. 1821, Sec. 1.)   It is only from the *action* or *suit* originally made cognizable before a Justice of the Peace, that the jurisdiction of the County Court is taken away.  (2 Stat. 101.)

From a recurrence to the matters in demand, which are legally joined in *this suit*, it appears that a Justice of the Peace had not jurisdiction of the *action*.   The County Court therefore had jurisdiction of the action.   The principle settled in the case Keys *v.* Weed. 1 D. Chip. Rep. 379 governs this case.

Judgment that the action do not abate.