> *J. Roberts for Adams.*
> *R. M. Field for Newfane.*

---

TOWN OF PUTNEY vs. GEORGE BELLOWS.

When a plaintiff sues before the county court for a certain number of penalties, in all amounting to over one hundred dollars, and on trial gives evidence only of a number not amounting to that sum, and there is no evidence tending to prove any more, or that any more had been incurred, the county court should dismiss the cause for want of jurisdiction.

A statement of the case, so far as necessary to apprehend the points decided, is included in the opinion of the court.

*Mr. Keyes and Bradley for defendant.*—The statute 1821, (Comp. Laws 139) enacts that, with certain exceptions which are therein enumerated, "any justice of the peace within his sphere is authorised to hear, try and determine all actions *of a civil nature*, when the debt or matter in demand does not exceed one hundred dollars.—See to jurisdiction of *county* court, C. L. 119.

The 15th section of the listers' act of 1825 makes it the duty of "the listers" to require security to the satisfaction of "such listers," for the payment of taxes from the keeper of a stallion brought into any town, or proof to the satisfaction of "such listers," that he is set in the list of another town ; and in case such person shall fail to give such security, or produce such proof within ten days after "*such* requirement," the keeper or owner shall forfeit and pay to the treasurer of such town five dollars for each mare to which such stallion is put during the season.

1.  This action is one *of a civil nature.* In *Harris* vs. *Bullock,* (Brayton 141) the court decide, that as usury is "*expressly*" called an "*offence*" in the statute relating to interest, they must consider as a criminal action, a suit to recover a penalty therefor.

WINDHAM,
February,
1836.

Putney
vs.
Bellows.

But the principle would not avail the present plaintiff. Neglecting to shew a paper or inability to procure a bondsman, are neither offences or crimes, and the use of the horse in the mean time is not even prohibited by the act.

But the case last mentioned has been overruled in one of the northern counties. Debt for $20 was brought before a justice, for cutting out or defacing the marks or brands on cattle. It was objected, that the county court only had jurisdiction, and the objection was overruled.

As the act, (C L. 460) expressly calls the party wilfully cutting, the "person so offending," we must consider the case in Brayton no longer authority.—See remarks as to debt for penalties and forfeitures, 3 B. Com. 161. A suit, for penalty under *bribery* act, not *criminal* action.—4 T. R. 758—and a *Quaker* can testify in such an action.—1 Cow. 391.

2. The matter in demand was necessarily less than $100, and the proof disclosed no fair pretext for claiming more than $75.

It is certain in its nature and not like the valuation of property or services, variable or a subject of estimate.—*Morrison* vs. *Moore*, 4 Vt. R. 264—*Bates* vs. *Downer*, 4 Vt. R. 181—*Ladd* vs. *Hill, ib.* 164—*Southard* vs. *Merrill,* 3 Vt. R. 321.

3. If this act be of a criminal nature, it is for fifteen separate crimes, each requiring a penalty of *five* dollars, and therefore within a justice's jurisdiction.

Is any man, guilty of twenty-nine instances of profane swearing, indictable at the county court?

Little *crimes* cannot be blended to make one great one and change the tribunal.

In civil suits small claims are allowed to be joined, though it change the jurisdiction, because the "*action*" is not cognizable elsewhere. But if "*criminal matters*" are capable of being tried below, the county court cannot touch them.—6 L. 119—*Keyes* vs. *Weed*, 1 Chip. R. 380—2 Chip. R. 90.

*Mr. Crawford and Mr. Kellogg for plaintiff.*—1. The plaintiff insists that the county court had jurisdiction of the subject matter.—1 Chip. R. 208, *Gale* vs. ———.—3 Con. R. 553, *Newton* vs *Danbury*—3 Vt. R. 321, *Southwick et al.* vs. *Merrill*—4 Vt. R. 170, *Ladd* vs. *Hill.*

2. The act of David Crawford, one of the listers, in giving notice to the defendant to give security for the payment of taxes,

Windham,
February,
1836.
Putney
vs.
Bellows.

or produce proof that said horse had been set in the list of some other town, was sufficient.

The opinion of the court was delivered by

Williams, Ch. J.—This was an action of debt, brought to recover several penalties under the 18th section of the listers' act. By that section, the keeper of a stallion, if he neglects to comply with the requisites of the statute, forfeits the sum of five dollars for each mare the stallion shall be put to and cover during the season. The plaintiff, in his declaration, sets forth, in distinct counts, as many penalties as would give jurisdiction to the county court. On trial he proved that the horse went to fifteen mares *and no more*, and no proof was offered that he went to any other. On trial the defendant's counsel insisted that the county court had no jurisdiction and requested the court to direct the jury to bring in a verdict for the defendant. The court were probably correct in not charging the jury as requested ; but whether they should not have dismissed the case for want of jurisdiction, is deserving of consideration.

The statute of 1820 authorized every justice of the peace to hear, try and determine all actions of a civil nature, except in certain cases where the debt or other matter does not exceed one hundred dollars. In all actions of a criminal nature, the jurisdiction of the justice is limited to those cases where the fines or forfeitures do not exceed the sum of seven dollars. It is the nature and not the form of the action which determines the jurisdiction. This principle was decided in the county of Grand Isle, in a case not reported, but which was correctly stated and referred to by the counsel for the defendant. A justice of the peace has jurisdiction to the amount of one hundred dollars, in all actions to recover penalties similar to those for which this action was brought.

Taking it for granted that the rule adopted in the case of *M'Farland* vs. *M'Laughlin*, 2 Chip. 90, applies to actions to recover penalties, where the whole amounts to over one hundred dollars, the enquiry will be, whether, in this case, when it was rendered certain that the penalties amounted to seventy-five dollars and no more, the county court had jurisdiction. This case cannot be compared to those where the damages are uncertain, liable to be varied by proof, and in which the *ad damnum* would determine the jurisdiction ; nor is it like those where the suit is brought for several penalties, and evidence is offered tending to prove enough to bring the case within the jurisdiction of the coun-

WINDHAM,
*February,*
1836.

Putney
*vs.*
Bellows.

ty court, but which turns out to be insufficient to prove each count. In such cases, if the court should be of opinion that the suit was brought in good faith, but the evidence different from what might reasonably have been expected, they ought not to dismiss the suit for want of jurisdiction. It is more like the case where the declaration counts on several distinct notes, some of which had no existence, and the counts were evidently inserted to give jurisdiction to the county court.

The amount to be recovered in this case was certain, and did not exceed seventy-five dollars, and we cannot say that the plaintiff might sue for that sum before the county court, by making counts for penalties which had never been incurred. We do not see that the plaintiff is laid under any inconvenience by this view of the law. He could have brought as many actions as he thought proper before a justice of the peace, and could have collected all the forfeitures to which the defendant was liable. If he ventured to bring his suit to the county court, he should be satisfied that his evidence would prove, or at least, would tend to prove, that the forfeitures exceeded the sum of one hundred dollars, to which extent a justice had jurisdiction. The decision of the county court, that they had jurisdiction, was therefore erroneous; and although they might not have been warranted in directing a verdict for the defendant, they should have dismissed the suit for want of jurisdiction. The judgment of the county court is therefore reversed, and the action is dismissed and the defendant will recover his cost.