CALEDONIA.<br>March,<br>1840.

Spaulding<br>v.<br>Chamberlin.

---

CALVIN KITTRIDGE v. BENJAMIN ROLLINS, et al.

In an action of trespass, de bonis, where the controversy is in regard to the value or the right of property, and where no proof is given tending to show a claim for damages beyond the value of the property, and that on the plaintiff's own showing, is so far below one hundred dollars, as to admit of no doubt as to the extent of damages falling below that sum, the county court should not entertain original jurisdiction of the case.

In such a case when from the testimony on the part of the plaintiff, there is any ground of doubt, whether the damages will exceed one hundred dollars, the county court cannot dismiss a suit, originally sued in that court, for want of jurisdiction on that account.

THIS was an action of trespass for taking certain articles of personal property. The suit was brought to the county court. The ad damnum, in the writ, exceeded one hundred dollars.

Plea,—the general issue.

The property in question was proved by the plaintiff, in establishing his case, not to exceed $30 or $40 in value; whereupon the defendants moved to dismiss the action for want of jurisdiction in the court.

The court, considering that from all the proof on the part of the plaintiff, that he had no good ground to expect that he could, in any event, recover more than $100, sustained the motion and dismissed the action.

The plaintiff excepted to this decision.

For the plaintiff it was contended that—

I. Trespass is an open action and the jury are not restrained in their assessment of damages to the amount of the mere pecuniary loss sustained by the plaintiff, but may award damages in respect of malicious intent. 3 Starkie Ev. 1451. 2 M. & S. 77. 5 Taunton, 442.

In actions of trespass, when the act complained of arose from misapprehension of the defendant, exemplary damages are not often given. But in all cases the jury are judges of the motive of the defendant, and they might award damages beyond the pecuniary loss, when the court might think otherwise.

Hence it should have been left to the jury to decide what the defendant might have expected to recover.

Inasmuch as the action is open, a liberal rule ought to be adopted in regard to the jurisdiction.

If the plaintiff commences his suit before a justice of the peace, the triers might think public morals required more than $100 damages, and when he brings his suit to the county court, another set of triers might think otherwise.

*C. Davis*, for defendant.

When the matter in demand cannot, by any fair and reasonable expectation, exceed the jurisdiction of a justice, a party is not to be permitted to change the proper tribunal. Trespass for a walking cane, a riding whip, or the last new novel, cannot be sustained in the county court, on the ground that it is an open action, in which the damages are uncertain.

Such has been the doctrine of our supreme court at all times. The only difficulty has been in the application of the principle. On a similar principle, although the right to an appeal in a justice's court may be determined by a plea in

offset, the court will take care that a defendant shall take no benefit from a fictitious offset. *Ladd* v. *Hill*, 4 Vt. R. 164. 4 Cranch, 216. 3 Dallas, 401. *Morrison* v. *Moore*, 4 Vt. R. 264. *Putney* v. *Bellows*, 8 Vt. R. 272.

CALEDONIA, *March*, 1840.

Kittridge
*v.*
Rollins, *et al.*

The opinion of the court was delivered by

REDFIELD, J.—In this case the action is trespass *de bonis*, originally sued in the county court. There being no testimony on the part of the plaintiff, tending to show the property sued for of greater value than forty dollars, and no proof offered tending to enhance the damages beyond the value of the property, the county court, on motion of the defendant, dismissed the suit for want of jurisdiction.

The action of trespass for goods is, no doubt, in some sense, an open action, in regard to damages. Cases will sometimes occur when, in consequence of the peculiar circumstances of malevolence or insult, under which the property is taken, damages, very far beyond the value of the property, would be allowed to be given by the jury. But, when these circumstances are not shown to have attended the taking, the damages are ordinarily limited to the value of the property to the plaintiff, under all the circumstances of the time and manner of the taking. In such a case the rule of damages is as definite as it is in trover or assumpsit. And, in both those forms of action, it has been held, that, where from all the proof on the part of the plaintiff, there is no rational ground of doubt, that the claim for damages must, in the most favorable view for the plaintiff, come below one hundred dollars, the county court should not entertain jurisdiction. But when the case is one admitting of any doubt in regard to the extent of damages, it should not be dismissed on that account. *Morrison* v. *Moore*, 4 Vt. R. 264. *Ladd* v. *Hill*, Id. 164.

The court incline to extend the same rule to the action of trespass *de bonis*, when the controversy turns upon conflicting claims to property merely. Unless we did so, we do not well see how the county court could refuse to hold jurisdiction of the most trivial causes of this description, which we are satisfied could never have been the intention of the legislature. There will be, we know, an almost infinite variety of cases in regard to the time, place and manner of the taking.

CALEDONIA, It will, nevertheless, always be readily determined whether the
  *March,*
  1840.    principal object of the suit and the  main  controversy is in

——————  regard to the value and right of property, or in regard to the
Kittridge
  *v.*     conduct of the defendant in  taking  the  property,  and his
Rollins, *et al.* treatment of the plaintiff.   As a  motion  of this  kind  is al-
ways  addressed  to the  discretion  of  the  county court, in
a case  admitting of any possible  doubt in regard to the  ex-
tent of  damages,  they  should  not  dismiss the suit.    Under
this restriction we think  the  rule  a safe and  necessary one
in practice.

                                          Judgment affirmed.
      Collamer, J., dissenting.