# RUTLAND COUNTY.

## February Term, 1841.

Present, Hon. STEPHEN ROYCE,
    "   JACOB COLLAMER,
    "   ISAAC F. REDFIELD, } *Assistant Justices.*
    "   MILO L. BENNETT,

### Heman Spafford *v.* Arial Richardson.

In actions *ex contractu*, if the matter in demand is uncertain and may, or may not, exceed one hundred dollars, and the plaintiff brings his action, in good faith, to the county court, having good reason to believe that he ought to recover more than that sum, the county court has jurisdiction, though the matter in demand should prove to be less than one hundred dollars.

Assumpsit, upon a receipt, executed by the defendant to the plaintiff in the following words, viz :—

"Received of Heman Spafford, one hundred bushels of corn, which I am to deliver to him on the seventh day of February next.      Arial Richardson."

December 29, 1838."

The *ad damnum,* in the writ, was two hundred dollars.

The defendant pleaded in abatement, in substance, that the action was brought to recover the value of one hundred bushels of corn, due on the seventh day of February, 1839, which was for a less sum than one hundred dollars, to wit, for the sum of eighty-four dollars and no more, alleging that certain justices in Rutland (naming them) had jurisdiction to try and determine the suit, and that the county court had not jurisdiction.

Replication, that the matter in demand was over one hundred dollars and within the jurisdiction of the county court. Issue to the court.

On the trial in the county court, it appeared that the plaintiff, when the receipt was executed, accounted with the defendant for the corn, specified in the receipt, at one dollar per bushel. It was proved that the market price of corn, on the seventh of February, 1839, was 84 cents, per bushel, and, in the November and December previous, one dollar per bushel; and no testimony was introduced to show that, on the seventh of February, 1839, or in that month, the market price of corn was over 84 cents per bushel.

The county court decided that they had no jurisdiction of the suit and dismissed it. The plaintiff excepted to the decision.

*S. Foote*, for plaintiff, contended, that in all cases where the damages were uncertain, and might exceed, or fall short of $100, and the plaintiff, in good faith, brought his action to the county court, the jurisdiction of that court would be sustained; and cited *Gale* v. *Bonyea*, 1 D. Chip. 208. *Ladd* v. *Hill*, 4 Vt. R. 164. *Southwick et al* v. *Merrill*, 3 Vt. R. 320. *Morrison* v. *Moore*, 4 Vt. R. 264. *Stevens* v. *Pearson*, 5 Vt. R. 503. *Putney* v. *Bellows*, 8 Vt. R. 272. *Bell* v. *Mason*, 10 Vt. R. 509. And he insisted that in the present case, the plaintiff had good reason to believe that he was entitled to recover one hundred dollars and the interest thereon, as he had accounted with the defendant for the corn at one dollar per bushel, at the time of the execution of the defendant's receipt.

*R. R. Thrall*, for defendant.

The county court have original jurisdiction of all civil actions whatever, except such as are made cognizable before justices of the peace, or before the supreme court, and of no other. Stat. p. 119, sec. 5.

Justices of the peace are authorized to try and determine all suits of a civil nature (with certain exceptions, and the present case is not within the exceptions) where the debt, or other matter in demand, does not exceed one hundred dollars. Stat. p. 143, sec. 1.

The matter in demand, in the present case, being less than one hundred dollars, the county court had no original jurisdiction of the suit. *Paine* v. *Ely et al*, 1 D. Chip. 37.

*Keyes* v. *Weed*, Id. 379. *McFarland* v. *McLaughlin*, 2 D. Chip. 90. *Southwick et al*, v. *Merrill*, 3 Vt. R. 320. *Ladd* v. *Hill*, 4 Vt. R. 164. *Bates* v. *Downer*, Id. 178. *Morrison* v. *Moore*, Id. 264. *Poultney* v. *Bates*, 8 Vt. R. 272.

Corn is an article that always has a fixed market price, and is not subject to a different valuation by different individuals, as many other species of property may be.

In *Poultney* v. *Bellows*, Williams Ch, J. says, "that if the plaintiff bring his suit to the county court, he should be satisfied that his evidence would prove, or, at least, tend to prove, that the sum demanded, exceeded one hundred dollars."

The opinion of the court was delivered by

ROYCE J.—As the contract in this instance had fixed no price for the corn, and the plaintiff had demanded damages above the sum of one hundred dollars, it was a case apparently within the original jurisdiction of the county court. In such a case I doubt the propriety of forming a preliminary issue upon the point of jurisdiction, since it must depend upon extraneous evidence, and involve, to some extent, the same showing which would belong to the trial in chief. It seems, however, that the plaintiff made no objection to such a course, and voluntarily joined in the issue. If the defendant, by his plea, designed to place the issue entirely upon the value of the corn, at the time and place stipulated for its delivery, it is evident that the plaintiff, by his replication, did not. He replied, in the language of the statute, affirming that the matter in demand was over one hundred dollars, and upon that averment the issue was joined. Hence the testimony was not rendered any the more decisive upon the question of jurisdiction, by reason of the time and manner in which the question was raised. The subject was still to be regarded in the same light as if a motion to dismiss had been made in the usual way upon trial, after the testimony had been heard.

When we consider the question in this view, it is obvious that the precise value of the property (whether a little over or under one hundred dollars) ought not to be the test of jurisdiction. That value would, indeed, control the rule of damages in the end, as it does in trover for property converted, and in assumpsit for goods sold, or services rendered, where

no fixed price or certain compensation has been agreed up-
on. But, in all such cases, as the value has not been previ-
ously settled by agreement, but must depend upon testimony
in court, the party is liable to be disappointed in the esti-
mate of value which others are to make. It was decided, in
*Ladd* v. *Hill*, 4 Vt. R. 164, which was trover for a yoke of
oxen, and in *Moore* v. *Morrison*, 4 Vt. R. 264, which was
assumpsit for services rendered without any rate of wages
agreed upon, that the proper inquiry was, whether the party
commenced his suit is good faith, honestly supposing that he
might be entitled to more than one hundred dollars. The
same rule should evidently govern the present case. Now
it appears, that within six weeks previous to the time set for
delivering this corn, the plaintiff had accounted to the defen-
dant for it at one hundred dollars, which was then the cur-
rent value of it. It turned out, on trial, that between the
last of December and the 7th of February, the market price
had declined to eighty-four cents per bushel. But since the
case does not show, that when he commenced his action the
plaintiff was aware of that fact, it does not impeach his mo-
tive in suing to the county court.

There is, of necessity, in many cases, a sound discretion
to be exercised by courts, in passing upon these questions of
jurisdiction. This was a case of that description ; but, to en-
title the decision to be treated as one resting in discretion,
the facts or evidence should appear, upon which a proper
discretion could be exercised. The value of the property
alone furnished no absolute rule of decision. Other facts
were required to be blended with it, showing at least the
probable consciousness of the plaintiff, that he was not en-
titled to an amount of damages beyond the power of a single
magistrate to award him. The exceptions are silent as to
every consideration except the value of the property, and the
decision appears to have proceeded upon that ground alone.
We therefore think it was erroneous, and the judgment is
accordingly reversed.