LABAN M. McGRAY v. JOHN WHEELER.

Where an action is brought originally to the county court for an injury to property of uncertain value, and the value of the property, as averred in the declaration, and the *ad damnum* each exceed one hundred dollars, and, on trial, all the plaintiff's witnesses estimate the value of the property at less than one hundred dollars, a motion by the defendant to dismiss the case for want of jurisdiction is addressed to the discretion of the county court, and the decision of the court upon that question cannot be revised, upon exceptions, by the supreme court.

TRESPASS ON THE CASE for an injury to the plaintiff's mare, which caused her death. Plea, the general issue, and trial by jury, REDFIELD, J., presiding.

On trial the plaintiff gave evidence, tending to prove that the injury to the mare, for which the defendant was liable, occasioned the death of the mare, but did not give evidence of any other damage being thereby occasioned. The plaintiff's witnesses estimated the value of the mare at from sixty five dollars to eighty dollars, no one of his witnesses estimating her value at over eighty dollars. The defendant moved the court to dismiss the cause for want of jurisdiction,—the action having been originally brought to the county court; but the court refused to dismiss the action, not being satisfied, that the plaintiff might not have expected, at the time he commenced the action, to recover more than one hundred dollars. The value of the mare was averred in the declaration to be one hundred and twenty five dollars, and the *ad damnum* was put at two hundred dollars.

Verdict for plaintiff. Exceptions by defendant.

*D. Hibbard*, for defendant, cited and relied upon *Putney* v. *Bellows*, 8 Vt. 272.

*T. Bartlett, Jr.*, for plaintiff, cited *Spafford* v. *Richardson*, 13 Vt. 224, *Ladd* v. *Hill.* 4 Vt. 164, *Cooley* v. *Aiken*, 15 Vt. 322, and *Morrison* v. *Moore*, 4 Vt. 264.

McGray *v.* Wheeler.

The opinion of the court was delivered by

WILLIAMS, Ch. J.   By the amount of damages claimed and by the value of the property, as stated in the declaration, this case was apparently within the jurisdiction of the county court.   But when a party fraudulently endeavors to give jurisdiction to the county court, by claiming more than he can have any expectation of recovering, the court may, in their discretion, dismiss the cause for want of jurisdiction.   The principle, on which the court proceed in such cases, was fully stated in the case of *Cooley* v. *Aiken*, 15 Vt. 322. The county court did not think proper to dismiss the cause on the motion of the defendant, and that decision cannot be reviewed here.

The case of *Putney* v. *Bellows*, 8 Vt. 272, has been relied on by the defendant; but that case differed wholly from this.   Where a suit is brought to recover a specific sum, as a note, or a penalty, the jurisdiction of the county court, or of a justice, is apparent from inspection.   If a plaintiff combines several counts on demands, or penalties, each of which is within the jurisdiction of a justice of the peace, but collectively within the jurisdiction of the county court, and gives no evidence whatever on some of the counts, it is evident the counts were added to give jurisdiction.   In such a case the court are bound to dismiss, as their jurisdiction depends entirely on the fact, whether the plaintiff had so many distinct claims, as, added together, came within the jurisdiction of the county court. On this ground *Putney* v. *Bellows* was decided; but it was distinctly said, in that case, that, if the party gave any evidence on all the counts, the jurisdiction should not be affected, because he failed in the proof.

The subject, from the decisions had, and from its very nature, must rest in the discretion of the county court; and we cannot control their discretion and exercise our own, when the trial is had before them.

The judgment of the county court is affirmed.