### John M. Joyal *v.* John Barney.

If, upon the declaration or the proof adduced in support of it, the county court should be clearly satisfied, that the plaintiff could have had no reasonable expectation of recovering more than $100, under the circumstances, the court would be justified in saying that the suit was not brought in good faith to the county court ;—and this principle is as applicable to actions of trespass *de bonis asportatis,* as to trover, or assumpsit. But in all these cases a liberal rule should be adopted, to sustain the jurisdiction, and every reasonable intendment should be made in favor of the plaintiff.

If any portion of the plaintiff's testimony tend to show, that the value of the property sued for exceeds $100, this ought to be regarded as conclusive in favor of the jurisdiction,—especially when it is apparent, that the plaintiff could have had no motive for bringing his action before the wrong tribunal. No attention should be given to the evidence on the part of the defendant, on a question of this kind.

In actions of trespass for taking personal property, where the defendant is an officer acting under legal process, it is not true, that no damages can, in any case, be recovered beyond the actual value of the property ; and it cannot ordinarily be determined, in the outset of a trial, whether the plaintiff had, or had not, at the time of bringing his action, reason to believe he would recover more than the actaul value. A motion, therefore, assuming such a belief from the mere fact, that the value of the property is less than $100, should not be entertained.

So far as the decision of the county court, in dismissing or refusing to dismiss an action upon the question of jurisdiction, can be resolved into a legal conclusion, drawn from certain facts found and stated upon the record, it is subject to revision by the supreme court, the same as any conclusion of law drawn from facts involving the merits of the controversy.

Where, in an action of trespass, the value of the property, alleged to have been taken by the defendant, was stated in the declaration to be $150, and the *ad damnum* was put at the same sum, and it appeared from the bill of exceptions, that different witnesses for the plaintiff placed different estimates upon the value of the property, or some part of it, in barter pay, and stated what sum the plaintiff had paid for it on a credit of two years, the tendency of which, altogether, would be to show that the property was worth from $70 to $100, and from these facts alone the county court decided, that the sum in demand was less than $100 and dismissed the suit for want of jurisdiction, it was held, that this was a legal conclusion, which the facts did not justify, and which was subject to revision by the supreme court ; and the judgment was accordingly reversed.

TRESPASS for taking two horses, one single harness, one double whiffletree and two single whiffletrees. The suit was brought to the county court, the property being alleged, in the declaration, to be of the value of $150, and the *ad damnum* being placed at the same sum. Plea, the general issue, and trial by jury, September Term, 1846,—ROYCE, J., presiding. The jury returned a verdict for the plaintiff for $36,66 ; and after verdict the defendant renewed a motion, which he had before made, to have the suit dismissed for want of jurisdiction.

From the course of the trial and the points made and ruled therein the court supposed the verdict to have been given for the taking of the harness and one of the horses, called the Minor horse, which was represented as being the most valuable of the two. The taking complained of was by virtue of two writs of attachment against one Joseph E. Joyal ; and there was no distinct evidence as to the taking of the whiffletrees, except the defendant's returns upon the writs and the executions which issued in the suits. It appeared, that the Minor horse was purchased by one Minor of one White a short time previous to the taking complained of, and in about the same condition he was in when taken by the defendant, at the price of $50,00, payable in grave stones ; and White, being called as a witness for the plaintiff, testified, that he thought the horse was worth

Joyal *v.* Barney.

that sum in such pay. Minor, also a witness for the plaintiff, testified, that he thought the horse was worth from $35 to $40. One of the plaintiff's witnesses testified, that the other horse was called a forty or forty five dollar horse, and that he thought him worth that sum in such property as horses of the kind were generally sold for. Another witness for the plaintiff testified, that he drew a bill of sale of the two horses and the harness from Joseph E. Joyal to the plaintiff, which Joseph E. signed, and notes for the purchase, which the plaintiff .executed to Joseph E., and that the amount of the notes was $92,00, payable in lime in two years,—the plaintiff then being an infant. The witnesses for the defendant estimated the value of the horses much lower, and generally not over $15 or $20 each. The harnesses and whiffletrees were variously estimated,—by some witnesses at from $3,00 to $5,00 for the whole,—and the harness alone was thought by one witness to be worth from $4,00 to $6,00. The plaintiff claimed to recover damages beyond the value of the property, on the ground that the defendant acted wantonly and maliciously, knowing that the property did not belong to Joseph E. Joyal; but the court discovered nothing in the evidence to justify an expectation, that the damages would be extended beyond the ordinary rule, as against an officer.

The motion was sustained, and the action dismissed; to which decision the plaintiff excepted.

*N. L. Whittemore* for plaintiff.

The county court erred in dismissing the suit for want of jurisdiction.

1. Because the evidence on the part of the plaintiff tended to prove, that the value of the property in question exceeded $100. The plaintiff is entitled to the highest estimate of the witnesses, to sustain the jurisdiction.

2. In actions of trespass the jury are at liberty to give damages against an attaching officer beyond the value of the property, if sound policy and justice require it; and can the court determine, from the facts detailed, that the plaintiff, at the commencement of the suit, had not a reasonable expection of recovering such damages, and sufficient to make the whole amount exceed $100, though the value of the property was only $92, the sum for which the plain-

Joyal v. Barney.

tiff purchased? But the bill of sale of the property, at $92, cannot be conclusive as to its value.

3. When the damages are uncertain, and it is doubtful to which court the suit ought to be brought, and the plaintiff in good faith brings his action to the county court, that court cannot dismiss the suit for want of jurisdiction. *Gale* v. *Bonyea*, 1 D. Ch. 208. *Ladd* v. *Hill*, 4 Vt. 164. *Morrison* v. *Moore*, 4 Vt. 264. *Spafford* v. *Richardson*, 13 Vt. 224. *Kittredge* v. *Rollins et al.*, 12 Vt. 541. In the latter case the court say, " Where the case is one admitting of any doubt in regard to the extent of damages, it should not be dismissed." Where it is doubtful, as it is in this case, whether the plaintiff should recover $92, $94, or $101, certainly the court should retain jurisdiction.

*G. W. Foster* for defendant.

The county court had no jurisdiction of this suit. But, at most, it was a case where that court had discretionary power, and, having exercised it, their decision cannot be revised in this court. *Morrison* v. *Moore*, 4 Vt. 264. *Spafford* v. *Richardson*, 13 Vt. 224. *McGray* v. *Wheeler*, 18 Vt. 502. The evidence of the witnesses on the part of the plaintiff is detailed in the bill of exceptions. The value of the property, or any part of it, is not found, or agreed upon, and placed upon the record. Neither of the plaintiff's witnesses estimate the value of either horse in money, but in barter,—unless it is considered, that the estimate by Minor was in money, which is the more probable, from the fact that he had, a short time before, paid $50 for the same horse in barter. If the highest estimate of any witness of property, payable in any unsaleable articles, is to be taken as the true value, in determining the question of jurisdiction, then a plaintiff can always succeed in giving the court jurisdiction, where the real value of the property might be less than one half the amount required in money to give jurisdiction to the county court.

The opinion of the court was delivered by

DAVIS, J. Should the decision of the county court, in dismissing this action for want of jurisdiction, be affirmed, it cannot be doubted, that it would be taking a long step in advance of any decision heretofore made by this court. Apparently the case was within the

jurisdiction of the county court, the plaintiff's damages being stated at $150. It is true, however, that this is not conclusive.

If, upon the declaration itself, or the proof adduced in support of it, the court should be clearly satisfied, that the plaintiff could have had no reasonable expectation of recovering more than one hundred dollars, under the circumstances, the court would be justified in saying, that the suit was not brought in good faith to the county court. This principle is as applicable to actions of trespass *de bonis asportatis*, as to trover, or assumpsit; although the late Ch. J. WILLIAMS was of opinion, that it ought not to be applied to actions of the former description. The point was settled in the case of *Kittredge* v. *Rollins*, 12 Vt. 541. COLLAMER, J., dissented from the judgment of the court in that case; but whether upon that ground does not appear. If the jurisdiction were made to depend on several distinct causes of action, comprehended in separate counts, and no evidence were offered in support of a portion of them, the remaining portion being insufficient to give jurisdiction, this, unexplained, would afford strong, if not conclusive, evidence of bad faith. A similar principle applies to matters in offset before a justice of the peace, when the right of appeal depends upon the matter in demand presented by either party. In all of these cases a liberal rule is and should be adopted, to sustain the jurisdiction. Every reasonable presumption should be extended to the plaintiff; and if any doubt whatever exists in respect to the *forum*, which has original jurisdiction, the party ought not to be turned over to another tribunal, where the same uncertainty is to be encountered. There is more reason for the utmost liberality in this respect, since in every case, where the question can possibly arise, the case can be transferred into the county court by appeal, where it will be tried in the same manner, as if originally brought there, except in reference to the amount of damages.

Tried by this test, the facts disclosed by this bill of exceptions afford no reasonable ground to suppose the plaintiff acted in bad faith in bringing the suit, in the first instance, into the county court, where he was aware it could be ultimately transferred by either party. He may have misjudged as to the damages he was entitled to recover; and the verdict of the jury shows he did so, materially; but it is difficult to perceive any motive he could have had for the

course he adopted, if it were in opposition to his own judgment. The fact, that some portion of his testimony tended to show, that the value of the property taken was over $100, ought to be regarded as conclusive in favor of the jurisdiction. No attention should be paid to the evidence adduced by the defendant on a question of this kind; as the point in issue is the intent and motive of the plaintiff, at a time when he may be supposed to be ignorant of this testimony.

It is insisted by the defendant's counsel, that, in actions of trespass for taking personal property, when the defendant is an officer acting under legal process, no damages can in any case be recovered beyond the actual value of the property. This is not correct. Courts usually, in such cases, when it is merely a controversy about the right of property, instruct the jury that they ought to confine themselves within those limits. It is a rule of practice merely. Circumstances may require a departure from it. It cannot ordinarily be predicated in the outset of a trial, whether the plaintiff had, or had not, at the time of bringing his action, reason to believe he could recover more than the actual value. A motion, therefore, assuming such a belief from the mere fact of the value of the property being below $100, should not be entertained.

Much has been said in the argument on the subject of discretion,— the defendant's counsel being disposed to consider the whole subject as resting in the sound discretion of the county court, and, of course, not open to revision here. The language made use of by the late Chief Justice in the case of *McGray* v. *Wheeler*, 18 Vt. 502, certainly goes far to countenance such a doctrine; and yet this court are and have long been in the habit of revising the decisions of the county courts on this as well as other subjects. It would seem, from an examination of all the reported cases, that there is some degree of confusion in this matter, some apparent incongruity between the language and practice of this court. The true distinction I apprehend to be, whether the ruling of the county court turned upon a question of law, or one of fact, as in ordinary trials of issues to the court. So far as the decision below, dismissing an action, or refusing to dismiss it, can be resolved into a legal conclusion, to be drawn from certain facts found and stated upon the record, it falls into the same category with any similar conclusion of law, drawn from any

other facts involving the merits of the controversy. In weighing evidence and finding facts county courts necessarily exercise a discretion, with which this court does not interfere. When the facts are stated, which constitute the basis of a legal inference, their determination thereupon is subject to revision.

To apply these principles to the present case;—the value of the property alleged to have been taken and converted by the defendant is stated in the declaration at $150, and the *ad damnum* is placed at the same sum. From these facts it is a legal conclusion, *prima facie,* that the county court had original jurisdiction of the action ; and had that court determined otherwise, this court would have corrected the procedure. From the record we are put in possession of the farther facts, that different witnesses on the plaintiff's side placed different estimates upon the value of the property, or some part of it, in barter pay, and stated what sum the plaintiff had paid for it on a credit of two years,—the tendency of which, altogether, would be to show, that it was worth from seventy to a hundred dollars. From those facts alone the county court decided, that $150 was not the true sum in demand, but that that sum was less than $100, though it is not stated what precise sum. This was a legal conclusion, which the facts did not justify. They did not necessarily induce the conclusion, that the plaintiff had no reason to suppose, when he sued out his writ, that he could not recover more than $100. The decision was therefore erroneous in point of law.

The case of *Spafford* v. *Richardson,* 13 Vt. 224, being the case of the hundred bushels of corn, proceeded precisely on this ground,— the court remarking, that " the value of the property alone furnished no absolute rule of decision." "Other facts were required to be blended with it, showing at least the probable consciousness of the plaintiff, that he was not entitled to an amount in damages beyond the power of a single magistrate to award." In that case the county court had dismissed the action, and the supreme court reversed their decision. The cases are entirely analogous in principle, although the present one, being trespass and not contract, and exhibiting some testimony, which that did not, that the property exceeded $100 in value, is in every respect a stronger one for the plaintiff, than that. The case of *McGray* v. *Wheeler* might, with

Joyal *v.* Barney.

perfect propriety, have been put upon the same ground.    There the plaintiff had  no evidence, that the mare, the loss of which was the ground of action, was worth over $80 ; but it  did not  appear from any other circumstances, that, in the action of case, as that was, the plaintiff might  not  reasonably have expected  to recover a sum beyond the value of the mare.

The judgment of the county court must therefore be reversed and judgment rendered for the plaintiff on the verdict.