EBER M. DOUBLEDAY v. EZEKIEL MARSTIN.

*Trespass upon the freehold. Jurisdiction.*

The county court has original jurisdiction in an action of trespass upon the freehold where the *ad damnum* exceeds twenty dollars, and the plaintiff is put upon the proof of his title, even though all the damage which the plaintiff's testimony tends to show is less than twenty dollars.

The rule in *Kittridge* v. *Rollins*, 12 Vt. 541, *held* inapplicable in such a case; and that the *ad damnum* furnishes the rule, and is conclusive as to the jurisdiction.

The policy of our law has always been against giving jurisdiction to justices of the peace to try and determine land titles.

TRESPASS upon the freehold. The plaintiff declared " that the " defendant at Sharon, on the first day of April, A. D., 1851, and " on divers other days and times between that day and the day of " the purchase of this writ, with force and arms broke and entered " the plaintiff's close, situated in said Sharon, and then and there " took and carried away and destroyed the plaintiff's fence then " upon said close, of great value, to wit, of the value of twenty- " five dollars ; and, with cattle and sheep, broke down and destroyed " the plaintiff's fruit trees then growing on said close, of great " value, to wit of the value of fifty dollars, and other wrongs to the " plaintiff then and there did, against the peace and to the damage " of the plaintiff, as he says, two hundred dollars."

Plea, the general issue ; trial by the court, May Term, 1853,— COLLAMER, J., presiding.

The plaintiff offered testimony tending to sustain his declaration, and to prove that the defendant made the entry on the plaintiff's close and did the acts complained of, under a claim of right and title ; but he offered and gave no testimony tending to show that the damage to the plaintiff, by said entry and acts of the defendant, amounted to twenty dollars. Thereupon the court dismissed the action for want of jurisdiction, to which the plaintiff excepted.

*W. C. French* for the plaintiff.

*Washburn & Marsh* for the defendant.

The opinion of the court was delivered by

BENNETT, J. We think that in an action of trespass upon the

freehold, and upon the trial of which the plaintiff is put upon the proof of his title, and the sum demanded in damages exceeds the sum of twenty dollars, (which is this case) the county court has original jurisdiction of the cause, and that it is not competent for the court to dismiss the action for the want of jurisdiction, because the plaintiff's evidence did not tend to prove that his damages amounted in the language of this bill of exceptions, to twenty dollars. We are not inclined in this case to apply the rule, or rather the exception to the general rule, which has been applied in personal actions of trespass, where it was perfectly clear that the plaintiff acted in bad faith in the commencing of his suit, and with an intention to defraud the jurisdiction of a justice of the peace. In such a case, it has been held that the *ad damnum* in the declaration was not conclusive upon the question of jurisdiction, as in the case of *Kittridge* v. *Rollins*, 12 Vt. 541. But in the case at bar we think is must be *conclusive*, and furnish the rule as to jurisdiction. It is not necessary to decide how it would have been if the plaintiff had not been put upon proof of his title to the *locus in quo.* It will suffice to decide such a case when one arises. It has always been the policy of our law not to give to justices of the peace power to try an action where the title to land was concerned, and such has been the law to this time in all cases, with a qualified exception of the action of trespass, and perhaps of *forcible entry* and *detainer.* By the act of 1797, actions upon the freehold were expressly named as being excluded, in all cases, from the jurisdiction of a justice of the peace, and such was the law up to 1826.

The statute of 1824 gave the right to bring an action of trespass upon the freehold before a justice of the peace where the sum demanded in damages did not exceed twenty dollars, and the second section of that act provided that in case the defendant came in and defended upon the ground of title, the case should at once pass to the county court for trial. In 1826 the second section of the act of 1824 was repealed, and this in effect gave to a justice of the peace power to try an action of trespass upon the freehold where the *ad damnum* did not exceed twenty dollars, and, in a proper case, their adjudication upon the title must be as *conclusive* between the parties, as that of any other court; and this may well operate as a

reason why we should not apply to an action of trespass upon the freehold, the rule that was adopted after much discussion, and by a divided opinion of the court, in the case of *Kittridge* v. *Rollins et al.* in 12 Vt. Until that case it had been considered that, in personal actions for torts where the damages must be uncertain, the *ad damnum* was *the matter in demand*, and must conclusively control the question of jurisdiction.

It was said, in that case, the damages were an open question, and may in a proper case be given beyond the value of the property, and so in the case at bar, the damages are as much an open question. The case decided in this county two years since, and not reported, is not in conflict with the decision now made. In that case the *ad damnum* was above twenty dollars, and the title to the land was put in issue on the trial, and though the evidence did not tend to show the plaintiff's damages above six dollars, yet it was held the county court had original jurisdiction. The county court in that case refused to dismiss the action; and though the learned judge who gave the opinion of the court in the case, seemed to dwell upon the the *bona fide* character of the suit, as appears from his manuscript opinion now before us, yet, we apprehend, that was not the turning point of the decision, and that it by no means follows from that decision, that the county court could not have taken jurisdiction of the cause, although they had found that the plaintiff had no reason to believe and did not believe that, in any event he could recover over six dollars damages.

In actions of trespass usually the main thing to be settled is the title to the land, and as it is against the policy of the law to give to justices of the peace power to settle the title to land, which is fully evinced by our whole course of legislation, and especially from the fact that an appeal is given in all cases without regard to the *ad damnum*, and the limitation of the plaintiff's costs to seven dollars, where the action is originally brought in the county court, and the plaintiff fails to recover above seven dollars damages, we think it will not do to hold that, in a case like this, the question of jurisdiction can in any way depend upon the belief of the plaintiff as to the amount of damages which he may in any event be entitled to recover.

Judgment of the county court reversed and the cause remanded.