## H. K. FIELD, ADMR. *v.* RANDALL & DURANT.

*Jurisdiction of County Court.   Gen. Sts. c. 31, s. 18.*

Although where the sum in demand in an action brought to the County Court is but
$200, or less, the court may retain jurisdiction, if it appear that plaintiff brought
his action believing the sum to be more than $200, and although the ascertainment
of that belief be to some extent in the discretion of that court, yet, if the decision in
regard thereto be based on facts, appearing in evidence and on the exceptions, it is
reviewable, and, if not supported by those facts, it may be reversed.

On the facts in this case, *q. v.*, it was held that plaintiff could not have had such
belief.

ASSUMPSIT for money alleged to have been collected by the de-
fendants as attorneys for E. O. Hammond, the plaintiff's intes-
tate, and never paid over.   The specification was " for cash col-
lected of D. B. & W. S. Sherman about 1871, and interest on the
same, about $100," and " cash collected on note against H. A. &
W. S. Little about April, 1871, $154.34."   To the first item of
the specification the defendants pleaded the general issue.   To
the second, they pleaded payment to said intestate by defendant
Durant.   Trial by jury, March Term, 1877, REDFIELD, J., pre-
siding.

The plaintiff offered in evidence a receipt as follows:

Received of E. O. Hammond note against D. B. & W. S. Sherman on
which is endorsed $15.00.   Also one against H. A. & W. S. Little for
$400.00, endorsed $100.00 May, 1867 ;   $200.00 December, 1867 ; to col-
lect and account for.                    RANDALL & DURANT.

To its admission the defendants objected, but it was admitted;
to which the defendants excepted.

The plaintiff offered himself as a witness, and gave evidence
tending to show that before this action was brought, he, as attorney
of C. C. Chadwick, deceased, who in his lifetime had been admin-
istrator of Hammond's estate, called on defendant Durant for the
money collected on the notes described in said receipt, or for the
notes themselves, whereupon Durant informed him that the notes
against Sherman had not been collected, but had been sent away

for collection, and that they were worthless and could not be col⁻lected, and claimed that he had collected no part of the other notes.   There was no evidence tending to show the sum or amount of the notes against Sherman, except what was stated in the receipt, or that they were of any value ; and the only evidence as to those notes was that given by the plaintiff as aforesaid.   The plaintiff there rested.

The defendants thereupon moved to dismiss for want of jurisdiction, for that it appeared from specification and proof that less than $200 had been collected by the defendants at the time the action was brought ; but the court, being satisfied that the action was brought in good faith to recover more than $200, overruled the motion ; to which the defendants excepted.

*L. L. Durant*, for the defendants:

The motion should prevail.   *Miller* v. *Livingston*, 37 Vt. 467 ; *Stevens* v. *Goodenough*, 26 Vt. 676 ;   *Adams* v.   *Soule*, 33 Vt. 538 ; *Hodges* v. *Fox*, 36 Vt. 74.

*Gleason & Field*, for the plaintiff.

The court had original jurisdiction.   *Scott* v. *Moore*, 41 Vt. 205, and cases there cited.   The motion was addressed to the discretion of the court.   *Morrison* v. *Moore*, 4 Vt. 264.   Where the plaintiff brings his action in good faith believing that he has a just claim for more than $200, it will not be dismissed for want of jurisdiction.   *Powers* v. *Thayer*, 30 Vt. 361 ;   *Cooley* v. *Aiken*, 15 Vt. 322, per WILLIAMS, C. J. ;   *Henry* v. *Tilson*, 17 Vt. 479, per REDFIELD, J.   See *Joyal* v. *Barney*, 20 Vt. 154 ; *LaPoint* v. *Scott*, 36 Vt. 633.

The opinion of the court was delivered by

ROYCE, J.   The first question presented arises upon the motion to dismiss interposed by the defendants for want of original jurisdiction in the County Court.   In the examination of that question, it is necessary to consider the specification of the plaintiff's claim filed in the case and the evidence introduced in support of the claims or demands described in it.

Field, admr. *v.* Randall & Durant.

The first was, " cash collected of D. B. & W. S. Sherman, and interest on the same about $100," second, " cash collected on note against H. A. & W. S. Little about April, 1871, $154.34."

The evidence introduced in support of said claims was a receipt dated January 30, 1871, signed by the defendants, of the following tenor :—" Received of E. O. Hammond note against D. B. & W. S. Sherman on which is endorsed $15.00. Also one against H. A. & W. S. Little for $400.00, endorsed $100.00 May, 1867, $200.00 December, 1867, to collect and account for." The only other evidence introduced upon the first item in the specification was, that before the bringing of this suit the plaintiff as the attorney of one Chadwick who was then administering upon the estate of said Hammond, demanded the money collected or return of the notes described in the receipt, of the defendant Durant, and was then informed by Durant that the note against Sherman described in the receipt had not been collected, but had been sent away for collection, was worthless, and could not be collected.

It is not claimed that the County Court had original jurisdiction, unless it was given by the joinder of the two claims named in the specification. It is apparent that the plaintiff did not entitle himself to any recovery beyond nominal damages on the first item in his specification. There was no evidence that would warrant any such recovery, and hence, to give the County Court jurisdiction on account of having made the claim, it must appear that the plaintiff honestly supposed at the time he commenced his suit that he was entitled to recover on account of that claim a sum that would amount, with the sum due on account of the second item in the specification, to more than two hundred dollars. That is the rule laid down in *Ladd* v. *Hill*, 4 Vt. 164, *Morrison* v. *Moore*, 4 Vt. 264, *Spafford* v. *Richardson*, 13 Vt. 224, and *Miller* v. *Livingston*, 37 Vt. 467. Language has been used by some of the judges in opinions that have been promulgated which would at first seem to be in conflict with or in qualification of that rule, but when examined with reference to the facts involved in the cases in which the opinions were given, it will be found that it was not so intended, and the rule remains intact.

The inclination has been to sustain the jurisdiction of the County Court, and if there was doubt upon the subject, to retain jurisdiction. The amount recovered has not been made the test of jurisdiction, and where the damages were open or speculative, that fact has been regarded as controlling, in some instances, in the determination of the question of jurisdiction. A party may be surprised by the rulings of the court or disappointed in the evidence, and claims which he honestly believed he might recover be on that account reduced, yet the County Court will retain jurisdiction.

So that, in passing upon the question of good faith, as it has sometimes been called, or honesty of belief, as determining the question of jurisdiction, the court is often called upon to exercise a discretion; and where it is treated as a matter resting in the discretion of the court, it is not ordinarily reviewable in this court. But where the decision of the County Court is based upon certain facts or evidence recited in the exceptions, it is reviewable by this court. *Morrison* v. *Moore*, 4 Vt. 264. In that case it was held, that, if it appeared of record that the plaintiff introduced no testimony tending to show that he was entitled to a sum as damages that would give the County Court jurisdiction, we could review their decision. See also *Joyal* v. *Barney*, 20 Vt. 154.

In this case the finding of the court that the suit was brought in good faith to recover more than $200 was predicated upon what appears of record, and is reviewable. Did what appears in the record justify that finding? The receipt that was put in evidence did not furnish *prima facie* evidence that would entitle the plaintiff to anything more than nominal damages upon the first item in the specification, and there was no other proof in the case that had a tendency to show that he was entitled to any more; and the only knowledge the plaintiff is shown to have had on the subject was derived from the defendant Durant, who informed him that the note had not been collected, and was worthless. It is difficult to see how, upon such evidence, the court could have found that the plaintiff honestly believed, when he commenced his

suit, that he was entitled to recover anything more than nominal damages upon that item.

The adjudged cases show that where the County Court has retained jurisdiction, the claims upon which the suits have been brought have given the court *prima facie* jurisdiction, or the case or proofs have been of such a character as to give the party a right to claim a sum in damages that would give the court jurisdiction. It has always been considered that jurisdiction could not be given to the County Court by the presentation of a fictitious claim, and in this case there was no evidence that would justify the court in finding that beyond a nominal amount this was a real claim. So that we think the court erred in holding that the suit was brought in good faith to recover more than $200, and refusing to dismiss it.

Judgment is reversed, motion to dismiss sustained, and suit dismissed.