# AARON DROWN AND O. T. WILLARD *v.* JOHN FORREST, JR.

*Jurisdiction of County Court. Amount in controversy. Variance in proof of consideration. Novation.*

1. Where the declaration lays the damages at more than $200, it must affirmatively appear that the plaintiff did not in good faith expect that he was entitled to recover that sum in order to defeat the jurisdiction of the County Court.

2. The defendant agreed, in consideration of the sale of the blacksmith business to the plaintiff, not to engage in that business. Subsequently the plaintiff sold to the defendant a one-half interest in the same business, it being a part of this new agreement that either might buy out the other under certain contingencies. Still later the plaintiff did buy out the defendant. *Held,* that the original agreement was not discharged by the second, but was still in force.

3. The declaration alleged that on June 19, 1876, the plaintiff purchased the defendant's blacksmith's shop, and that in consideration that the plaintiff " would purchase said shop as aforesaid " the defendant promised not to carry on that business. By the written agreement produced on trial, dated June 19, 1876, the defendant promised not to carry on the blacksmith business in consideration of the plaintiff's " having bought" his shop. *Held,* no variance, for that upon a fair construction of the declaration and evidence, the consideration in each case was a present one.

Assumpsit. Plea, the general issue with notice of special matter. Trial by jury at the September term, 1890, Powers, J., presiding. Verdict and judgment for the plaintiff. The defendant excepts.

The plaintiffs sought to recover for a breach of the following written instrument:

"Barton, June 19, 1876.

" In consideration of Aaron Drown and O. T. Willard having bought my blacksmith shop, I hereby agree that I will not here-

after practice or carry on the blacksmith business at South Barton as long as said Drown or Willard occupies or carry on that business at said South Barton, except for my own use or the mill which I now occupy, and for the fulfillment of the above agreement I bind myself to said Drown and Willard in the penal sum of $400.

　　　　　　　　　　　　JOHN FORREST, Jr."

Witness, J. C. TIBBETTS.

When this instrument was offered upon the trial the defendant objected to its admission upon the ground of a variance, for that the declaration alleged that the promise was made upon consideration that the plaintiff "would purchase," whereas the writing set forth that it was upon consideration of his "having bought."

The defendant moved to dismiss the case for want of jurisdiction in the County Court, in that the amount involved was less than $200. As to this point the exceptions stated :

"Upon the trial of this cause there was no evidence either upon the part of plaintiff or defendant tending to prove that the damage resulting from the alleged breach of said contract amounted to $200, for which reason the defendant moved the court to dismiss said cause for want of jurisdiction."

The agreement sued upon was executed June 19, 1876. Subsequently the plaintiff bought out Willard's interest in the business. Still later, on August 19, 1878, the plaintiff and defendant entered into a co-partnership in this same business, by the terms of which the plaintiff sold the defendant a one-half interest. As a part of the articles of co-partnership it was stipulated that if at any time the parties could not agree the property should be put up at auction between them, and sold to the one bidding the most. Some time afterwards, just when did not appear, the plaintiff bought out the defendant's interest in the partnership. The defendant claimed that the contract of partnership discharged the agreement sued upon.

*F. W. Baldwin* and *W. W. Miles,* for the defendant.

There was a variance. The consideration laid in the declaration was executory, while that set forth in the written contract was executed. Chitty's Pl. 298, 304, 384; Greenl. Ev., 12th Ed. 78, 66, 68, note 6; *Bulkley* v. *Landon,* 2 Conn. 404; *Curley* v. *Dean,* 4 Conn. 259; *Russell* v. *South Britian Society,* 9 Conn. 508; *Robertson* v. *Lynch,* 18 Johns 451; *Ferguson* v. *Howard,* 7 Cranch 408.

The County Court had no jurisdiction. The plaintiff's own evidence did not tend to show that his damages were $200. *Morrison* v. *Moore,* 4 Vt. 264; *Town of Putney* v. *George Bellows,* 8 Vt. 272; *Brainard* v. *Austin,* 17 Vt. 650; *Kittridge* v. *Rollins, et al.,* 12 Vt. 541; *Joyal* v. *Barney,* 20 Vt. 154; *Miller* v. *Livingston,* 37 Vt. 467; *Field* v. *Randall & Durant,* 51 Vt. 33.

The new contract of partnership superceded the old agreement sued upon. *McDaniels* v. *Robinson,* 26 Vt. 316; *Buffum* v. *Breed,* 116 Mass. 582.

*O. H. Austin,* for the plaintiff.

There was no variance. It fairly appears both from the declaration and the proof that the purchase of the business and the making of the agreement were concurrent considerations. *Gottlieb* v. *Leach,* 40 Vt. 278; *Nash* v. *Towne,* 5 Wall. 689-704.

A pleader need not follow the exact wording of a contract. It is enough if he states its substance. 1 Chitty Pl., Sec. 305; *Maxfield* v. *Scott,* 17 Vt. 634; Redfield, Ch. J., *Allen* v. *Lyman,* 27 Vt. 20; *Ammel* v. *Noonah,* 50 Vt. 402.

The formation of the partnership would not discharge the existing agreement unless it was understood by the parties that it should, and so accepted by them. *Cutler* v. *Smith & Robbins,* 43 Vt. 577; *Babcock* v. *Hawkins,* 23 Vt. 573; *Flagg* v. *Mann,* 30 Vt. 573; *Cobb* v. *Cowdery,* 40 Vt. 25; *Derby* v. *Johnson,* 21 Vt. 17.

The jurisdiction of the County Court will not be ousted unless it appears that the plaintiff had no reasonable ground for

believing that he could recover over $200. *Learned* v. *Bellows*, 8 Vt. 79; *Ladd* v. *Hill*, 4 Vt. 164; *Cooley* v. *Aiken*, 15 Vt. 326; *Maxwell* v. *Briggs*, 17 Vt. 176; *Henry* v. *Tilden*, 17 Vt. 467; *Sanborn & Cutler* v. *Chittenden*, 27 Vt. 171; *Joyal* v. *Bonney*, 20 Vt. 154; *Powers* v. *Thayer et al.*, 30 Vt. 161; *Mc-Gray* v. *Wheeler*, 18 Vt. 502; *Clark Admr.* v. *Crosby*, 37 Vt. 188.

The opinion of the court was delivered by

ROWELL, J. As the declaration brings the case within the jurisdiction of the County Court, the mere fact that the testimony did not, was not decisive against jurisdiction. It was necessary to go further, and negative plaintiff's good faith in bringing the suit, by showing, at least, a probable consciousness on his part that he was not entitled to recover more than a justice could award. *Spafford* v. *Richardson*, 13 Vt. 224; *Joyal* v. *Barney*, 20 Vt. 154.

By the Roman law, a new contract between the original contracting parties only that dissolved an existing contract, was regarded as a novation. But there was no novation unless the second contract contained something new, as, for instance, the addition or suppression of a condition, a term, or a surety, and was performed. Some of the ancient jurists were of the opinion that novation took place only when the second contract was entered into for the purpose of making the novation, and consequently doubts arose as to when such intention was to be supposed to exist, and different presumptions were laid down by those who treated the subject according to the different cases they had to settle. In consequence a constitution was published, in which it was clearly decided that novation should take place only when the contracting parties expressly declared that their object in making the new contract was to extinguish the old contract; otherwise the old contract remained in force and the new contract was added to it, and each

gave rise to an obligation still in force. Inst. Lib. III. Tit. XXIX. pl. 3.

But by the common law if the parties to a contract make a new and an independent agreement concerning the same matter, and the terms of the latter are so inconsistent with those of the former that they cannot stand together, the latter may be construed to discharge the former. Benjamin's Principals of Contracts, 114.

On August 19, 1879, Drown, having previously bought out Willard, sold to Forrest an undivided half of the blacksmith shop mentioned in the agreement sued upon, and they two then went into partnership in the business of blacksmithing therein, and carried on the business awhile and then dissolved. There is nothing in the record outside of the contracts of sale and of partnership that shows whether it was or was not the intention of the parties that the contract sued upon should be discharged; but it is claimed that the new contracts discharged it as matter of law. But we do not think so. There is nothing in the new contracts inconsistent with the former contract, the purpose of which was, to prevent Forrest from becoming a competitor; but by the new contracts he was not to become a competitor but a co-adjutor, and so the contracts could well stand together and each remain in full force.

The declaration alleges that on June 19, 1876, plaintiffs bought defendant's blacksmith shop. It then goes on to allege that in consideration that plaintiffs "would purchase said shop as aforesaid," defendant then and there promised them that he would not thereafter engage in or carry on the business, etc.; and that, relying on said promise, they purchased said shop.

To prove the promise alleged, plaintiffs introduced in evidence a written agreement, dated the 19th of said June, signed by defendant, whereby he agreed, in consideration of plaintiff's

"having bought" his blacksmith shop, not to practice or carry on the business, etc.

The defendant claims a variance, for that the consideration of the promise declared upon is executory while that of the promise proved was executed.

The declaration sets up in the first place and, as it were, by way of inducement, the sale of the shop at a time and place named ; and when afterwards it alleges that the defendant "then and there promised," the time of the promise is referable to the time of the sale, as there is no other time antecedently alleged to which it can refer, and so the declaration makes the promise a part of the contract of sale. The date of the promise proved is the same as the alleged date of the sale, and although the words, "having bought," indicate past time, they are not construed to mean that the sale was then a past and completed transaction, independent and disconnected from the written agreement, and so to import a past consideration, but to mean that the sale had then been made as one step in a transaction of which the making of the written agreement was another and a further step, thus making it all one transaction, as the declaration does. This is the fair import of the record, and accords with the usual course of doing such business.

*Judgment affirmed.*