## JULIUS H. RICE *vs*. ASHLEY CLARK.

·FRANKLIN,
*Avril,*
1836.

Rice
*vs.*
Clark

If one intrusted with property for a particular use, which becomes impractica-
ble, lend the property to another who had knowledge of the facts, this is in
both a conversion of the property.

If a person intrusted with property for a particular use be guilty of any abuse
of the property in that use, he is not on that account liable to an action of
trover.

This was an action of trover for an anchor.—Plea, the general
issue.

On the trial in the county court the plaintiff proved that in the
fall of 1832, one Ephraim Blodget, was sailing a boat of the plain-
tiff's, on board of which the anchor in question was used, being at
that time at the Isle La Mott.   The defendant applied to Blodget
to borrow the anchor for one Sax of Chazy, telling Blodget that he
had borrowed an anchor of Sax, which was on board of his boat then
absent at Swanton, and that said Sax had sent for his anchor by
one Peters who was then present, and that the defendant wished to
borrow plaintiffs anchor for Sax to use, till defendant's boat return-
ed from Swanton.   Blodget told the defendant he might take
it and return it to the plaintiff.   The defendant took the
anchor and let Sax have it to use.   In the month of February fol-
lowing the plaintiff sent Blodget to the Isle La Mott to his boat
which had been there wrecked just before the anchor was lent, and
also authorized Blodget to sell the anchor to the defendant, or to
call on the defendant to return the anchor.   Blodget applied to the
defendant to buy the anchor which defendant declined doing and
informed Blodget that the anchor was at Sax in Chazy.   Blodg-
et then told the defendant that the plaintiff wished him to return
the anchor.   In the summer following the defendant being at
Swanton the plaintiff also requested the defendant to return the an-
chor.   It also appeared that in the spring of A. D. 1833 said an-
chor was seen at Chazy and at Port Kent, both flukes then being
broken off, and that the anchor had never been returned to the
plaintiff.   The court decided that this evidence did not tend to
prove a conversion of the anchor by the defendant, and directed a
verdict for the defendant.

To which decision the plaintiff excepted.   Exceptions allowed
and certified.

*N. S. Whittemore and Foster for plaintiff.*
*S. S. Brown for defendant.*

The opinion of the court was delivered by

REDFIELD, J.—The only question in this case is, whether the

FRANKLIN,
April,
1836.
Rice
vs.
Clark.

testimony given had any tendency to show a conversion of the property by the defendant. It is very well settled that a demand and refusal, when the defendant has it not in his power to deliver the property is no evidence of conversion.—*Smith* vs. *Young*, 1 Camp. 439. In the case referred to the deed which was the subject of the suit had been by defendant put into the hands of an attorney without authority, and the attorney claimed to hold it by a lien, created in this way :—Whenever the plaintiff in an action of trover relies upon showing a demand and refusal as evidence of a conversion, he must always accompany it by showing the property in the possession and power of the defendant at the time of the demand.—3 Stark. Ev. 1497.—Bull. N. P. 44.—2 Salk. 441. In this case it was not attempted to show that the defendant had the anchor in possession at the time of the demand.—2 Saund. R. 47, e.f. and notes.

But it is observable that this anchor belonged to plaintiff's boat, which had been wrecked on the lake, of which one Blodget was master. The defendant received the anchor of Blodget, saying at the same time that he wished it for one Sax at Chazy N. Y. The anchor was carried to Sax, and by him put to use and in the use much damaged. The only question here is, whether Blodget had authority, as master of the boat, to lend the anchor. And we have no hesitation in saying he had not. After the wreck of the boat, it was his duty as master to secure the fragments of the wreck and notify the owner, but he had no authority to sell, much less to lend or rent any portion of the tackle or boat. His agency then expired. If he did lend or sell any part of the boat without permission from the owner it was a conversion of the property, and equally a conversion in the defendant who, with a full knowledge of all the facts, hired the anchor of one who had no authority to make such a contract. Taking it under these circumstances is the same as if he had taken it by way of trespass, and he is clearly liable in trover unless he can show to the satisfaction of a jury, that the plaintiff either gave Blodget permission to lend, or subsequently consented to the loan. There was some testimony in the case in some degree tending to show that the plaintiff gave the defendant to understand by his conduct, that he consented to the contract made by Blodget. But this is a question of fact which should have been submitted to the jury.—2 Stark. Ev. 1493, —— vs. *Hoy*.—4 Term R. 260.—2 Saund. R. 47, f. n. k.— 2 Camp. 335, *Willkinson* vs. *King*.—2 Stark. 311.—1 Cowen. 322, *Lockwood* vs. *Bull*.

'Had the defendant proved authority in Blodget, or plaintiffs' subsequent assent to the contract, he would then have become a bailor of the goods for use, and not liable in trover for any abuse of the chattel in the particular use for which it was tried. The plaintiff's remedy, if any must have been lost.—3 Stark. Ev. 1493.—2 Saund. R. 47, e. f.

* The judgment of the county court is reversed and a new trial granted.