### WILLARD S. WATERS *v.* LANGDON & WRIGHT.

If an action of trover be brought originally to the county court, no disagree-
ment of the witnesses of the plaintiff and defendant, as to the quantity or
value of the property, can oust the court of jurisdiction.

In an action of trover for the conversion of a quantity of tallow, evidence be-
ing given tending to prove it to have been of merchantable quality, testi-
mony is admissible, in fixing the amount of damages, to show what was
the retail price of merchantable tallow at the time and place of conversion.

In this case, which was trover for the conversion of certain tallow, the main
question on the trial in the county court being, whether one S., who sold
the tallow to the defendants, had authority from the plaintiff to do so, and
S. having been convicted of embezzlement of the tallow, in his disposal of
it to the defendants, on the testimony of the plaintiff, and sentenced to the
state's prison, and having been pardoned and restored to his rights as a
witness, the defendants petitioned for a new trial, assigning, as new dis-
covered evidence, the testimony of S. as to his authority to sell the tallow
in question ; and it was held that it was not a case coming within the rules
or practice of the court in granting new trials.

TROVER for a quantity of tallow and the casks in which it was
contained. Plea, the general issue, and trial by jury.

On trial the plaintiff introduced testimony tending to show that
the defendants had converted about one thousand pounds of tallow,
belonging to him, and that it was of a good merchantable quality ;—
and also offered testimony tending to show that at the time and
place of conversion the retail price of merchantable tallow was
twelve and a half cents *per* pound ; to this testimony the defendants
objected, but the court overruled the objection; to which the de-
fendants excepted.

The defendants introduced testimony tending to show that the
quantity of the tallow was only nine hundred and twenty four
pounds, and that it was *tainted* tallow, and of but very little value.

The defendants then moved the court to dismiss the suit for want
of original jurisdiction thereof; but the court overruled the motion ;
to which the defendants also excepted.

The cause having passed to the supreme court for a hearing upon
the defendants' exceptions, the defendants preferred also their peti-

tion to the same court for a new trial in the case, assigning as a cause the discovery of new and material testimony, which was unknown to them at the time of trial. The petition set forth that the main question litigated at the trial was, whether Charles Smith, the hired man of the plaintiff, had authority from the plaintiff to sell the tallow in question, he having sold it to the defendants; that upon this question various witnesses were examined, and testimony given tending to show that he had either a general authority to sell it, or such a special authority as would justify him in selling it, and that the court instructed the jury, that, if he had either a general or special authority to sell it, the plaintiff could not recover; that they were now able to show most satisfactorily, by the testimony of Smith himself, that he was authorized by the plaintiff to sell the tallow; and that they had never before been able to procure, or avail themselves of Smith's testimony.

From the affidavit of Smith, which was appended to the petition, it appeared that he had been arrested and tried for stealing, or embezzling, the tallow in question,—selling the same without authority and appropriating the avails to his own use,—that he had, on the testimony of the plaintiff, Waters, been convicted, and had been sentenced to one year's imprisonment in the state's prison; and that, since his release, he had been pardoned by the Governor of the State for his offence, and restored to the legal privileges lost by his conviction. He also testified that the plaintiff, Waters, did, prior to the sale of the tallow to the defendants, expressly authorize him, Smith, to make sale of it.

Affidavits were also appended to the petition, tending to show that Smith had sustained an unblemished character for morality and honesty since his release from the state's prison.

And now, at the present term of the court the case came on for a hearing upon the exceptions and petition.

*Vail & Upham* for defendants.

1. The county court had not original jurisdiction of this action, because the "*matter in demand*" did not exceed one hundred dollars. In an action of trover it is well settled that the rule of damages is the *value* of the property at the time of the conversion. In this case, as appears, by the exceptions, the plaintiff gave no evi-

dence as to the value of the tallow,—but the defendants introduced testimony tending to show that it was in reality of but very little value.

We deny the doctrine, and contend that it will not bear legal criticism, that the "*good faith*" of the party is to determine the jurisdiction of a court of law,—especially when the statute is so plain and explicit.

2. The testimony objected to was not admissible; for 1, It affects the question of jurisdiction; and 2, It had no tendency to prove the value of *the tallow converted.*

3. As to the petition for a new trial;—the testimony of Smith is "*newly discovered,*" and the petitioners could not have availed themselves of it at the trial in the court below, for the reason that he was, at that time, in the state's prison. *Myers* v. *Brownell*, 2 Aik. 407. *Rex* v. *Mawbey*, 6 T. R. 638. *United States* v. *Gibert*, 2 Sumner 98.

The evidence is not merely *cumulative;* the testimony, introduced upon the trial in the county court, all tended to show a general authority in Smith to sell, among other things, the tallow in question. The affidavit of Smith, filed now in court, establishes a special authority to sell this very tallow, and would be conclusive upon another trial. *Myers* v. *Brownell*, 2 Aik. 407. *Dixon* v. *Parmele*, 2 Vt. 185. *Dodge* v. *Kendall*, 4 Vt. 31. *Guiot* v. *Butts*, 4 Wend. 579.

Any impression of the bad character of Smith, on account of his having been sent to the state's prison, is effectually removed by the affidavits filed in court to sustain his character.

*N. Kinsman* for plaintiff.

1. In actions *ex contractu*, if the matter in demand is uncertain, and may or may not exceed $100, and the plaintiff brings his action in good faith, the county court have jurisdiction, though the matter in demand should prove to be less than $100. *Gale* v. *Bonyea*, 1 D. Ch. 208. *Ladd* v. *Hill*, 4 Vt. 164. *Spafford* v. *Richardson*, 13 Vt. 224.

2. The cause set forth in the petition for a new trial is not the discovery of new evidence, but the petitioners say it is for the reason that they could not avail themselves of the testimony before

trial ; it therefore does not come within the provisions of the statute authorizing courts to grant new trials.   Rev. St. 210.

3.   From all that appears in the affidavits, the petitioners do not show themselves entitled to a new trial.   Graham on New Trials 463.

The opinion of the court was delivered by

WILLIAMS, Ch. J.   The exceptions present no questions of law, but such as have long since been settled.   Upon the question of jurisdiction the case of *Spafford* v. *Richardson*, 13 Vt. 224, is decisive.   It cannot be seriously contended, that the question of jurisdiction is to depend upon the fact, whether the evidence proved a conversion of one thousand pounds of tallow, worth twelve and a half cents a pound, or of only nine hundred and twenty four pounds, of an inferior quality, and worth a less price.

We cannot see what possible objection there could be to the evidence offered by the plaintiff, to show the value of tallow, when this was converted.

The petition for a new trial is of a novel character, and, if granted, would establish a principal not hitherto recognized.   Petitions for new trials, on account of new discovered evidence, have not been much favored.   Our law gives to the party, in all cases, two trials, if he wish to have them.   In the present case it appears that the principal point, litigated at the trial, was, whether one Smith, who sold the tallow to the defendants, was authorized so to do by the plaintiff.   Smith was convicted of stealing the same tallow, and sentenced therefor to the state's prison.   It is his testimony, which the defendants say, in their petition, is new discovered, and of which they wish to avail themselves on another trial.

The authority of Smith was the very point litigated at the trial, and there is now every motive to induce him to swear to his authority to sell, and, by the result of a verdict in favor of the defendants, induce the belief that he was unjustly convicted ; and he must feel hostile to the plaintiff, on whose testimony he was convicted.   The precedent would be bad; and it would be unsafe to grant a new trial on such testimony.   Pardons would be procured for the purpose of making convicts witnesses, and procuring new trials on their testimony.

Smith may be regaining and establishing a new character, and it is hoped he will be successful ; and it is favorable, that he has so far succeeded, as to procure so many respectable testimonials in his favor. But it is doubtful whether his testimony, taken in connection with his conduct related by other witnesses, as appears from the minutes of the judge who presided at the trial, would produce a different result, if another trial should be had.

The case is not brought within any rule, which the court have heretofore recognized in granting new trials. The testimony may be said rather to be new created, than new discovered.

The judgment of the county court is affirmed, and the petition is dismissed.