Buck *v.* Ashley.

---

### NOBLE H. BUCK *v.* AZRO B. ASHLEY.

#### *Sheriff. Trover.*

The sheriff, but not the deputy, is liable for the loss of property attached by the deputy and left in an unsafe and unsuitable place, whence it was stolen.

The deputy is not liable for a mere *non feasance.*

The property being stolen and so beyond the control of the deputy, his refusal to deliver it to the party entitled to it, when demanded, was neither a conversion nor evidence of conversion.

TROVER for a tub of ·butter. ·Plea, the general issue. Trial ·by jury September Term, 1864, ALDIS, J., presiding. The facts are fully stated in the opinion of the court.

Verdict for the plaintiff,—exceptions by the defendant.

*C. W. Witters* and *H. S. Royce,* for the defendant, insisted ·that this suit was sustainable only against the sheriff, and cited G. S. p. ·88, § 24 ; *Abbott* v. *Kimball et al.,* 19 Vt. 551 ; *Hutchinson* v. *Parkhurst,* 1 Aik. 258.

·*Homer E. Hubbell, M. Buck*·and *Ira W. Clark,* for the ·plaintiff, insisted that trover could be sustained against the deputy. An attachment may be such a conversion as to enable one to sustain trover against the officer making it. 16 Conn. 346.

We claim that for the station agent's acts the defendant is alone responsible. *Gilbert & Wife* v. *J. J. Crandall,* 34 Vt. 188. That a demand and refusal are *prima facie* evidence of a conversion, and when proved by the plaintiff the burden of proof is on the defendant ·to show what disposition has been made of the property. ·1 Smith's ·Leading Cases, 243 ; 2 Hilliard on Torts, 118, 119, 120 ; *Folsom* v. *Manchester,* 11 Cush. 334.

That the acts of the defendant constituted a conversion of the butter. Vermont Justice, p. 126 ; *Adams* v. *Abbot,* 2 Vt. 383 ; *Briggs* v. *Gleason,* 29 ·Vt. 78.

The defendant was a trespasser from the beginning in not having the butter attached forthcoming at the determination of the suit. *Bond et al.* v. *Wilder,* 16 Vt. 393.

POLAND, Ch. J. The defendant as deputy sheriff attached several tubs of butter and several boxes of cheese then in the freight depot at Milton, on a writ against the plaintiff, and left the property so attached, in said depot in the care of the station agent. The plaintiff settled the debt upon which the attachment was made, and the attachment was thereby ended. Upon going to the depot and calling for the butter and cheese so attached, the plaintiff found that one tub of the butter was missing ; and both parties seem to have conceded that it had been stolen from the depot.

The plaintiff demanded the missing tub of butter of the defendant, ·but he was unable to deliver it, as it was out of his power to do so. The plaintiff claimed that the defendant was liable to pay for the lost

tub of butter, on the ground, that the freight depot was not a safe and suitable place to keep it, and that allowing it to remain there was such negligence in the officer, as made him liable for the loss; and the jury have found the negligence alleged.

This finding gives the plaintiff a right of action to recover for the butter, but the important question in the case is, whether it gives him an action against the defendant, or against his principal, the sheriff.

The statute, § 24, chap. 12, provides that " suits for any official misfeasance or neglect of a deputy sheriff, or for any cause affecting his administration of the office of sheriff shall be sustained only against the sheriff by whom he was appointed," &c.

That this negligence of the deputy in keeping property attached by him, is such an official default, that the sheriff might be sued and made liable therefor admits of no question, but the plaintiff claims that an action will also lie directly against the deputy.

It is doubtless true that there are cases where either may be sued, when the deputy in the course of his official conduct has been guilty of some positive and active tortious act. But can the deputy be sued when the complaint against him is for mere negligence, strictly a *non feasance?*

In the case of *Hutchinson* v. *Parkhurst,* 1 Aik. 258, it is said by SKINNER, Ch. J.: " In England no action for *neglect* of duty will lie against a deputy sheriff though such officer is liable for a tort committed by him. The distinction is that for *misfeasance* the deputy is liable as well as the sheriff; but for *non feasance,* the action must be against the sheriff. In the opinion of Lord HALE in Salk. 18, this distinction is clearly marked; he says the deputy is not chargeable as an officer, but as a wrong doer, that for a voluntary escape an action lies against the deputy, for it is in the nature of a rescue; but for a negligent escape the action lies only against the sheriff." And that case goes on to decide that under our statute the respective liabilities of the sheriff and his deputies are the same as held in the English law. In *Abbott* v. *Kimball et al.,* 19 Vt. 551, where a deputy sheriff had attached the plaintiff's harnesses, and had not kept them properly, whereby they had become injured, it was held that for such injury the plaintiff's remedy was against the sheriff,

and not the deputy. It was also said that it was not a conversion for which trover could be maintained.

· And the same general doctrine is laid down in *Hale* v. *Huntley et al.*, 21 Vt. 147, and is the language of all our cases on the subject. In the present case, it was not claimed that the defendant had committed any tortious act, or been guilty of any positive wrong, but only that in the course of his duty as an officer in keeping attached property, he had omitted to put it in a safe and suitable place, an omission of duty, a *non feasance*, in the strictest sense.

Now whether such a negligence can be treated as a conversion, so that if the defendant had been sheriff, instead of sheriff's deputy, trover could have been maintained we have no occasion now to decide; but we regard it as clear under our statute and decisions, that no action whatever will lie against the deputy upon the facts proved in this case.

But the plaintiff claims that the refusal of the defendant to deliver the missing tub of butter to him when he demanded it, was a conversion. If the defendant had the butter then in his possession, and wilfully withheld it from the plaintiff, it would doubtless have been such a tortious act as would have made him liable, but as it was, the defendant's refusal to deliver it was neither a conversion, nor evidence of a conversion. There was no wrong in not delivering the butter to the plaintiff on his demand, for it was not in his possession or power to deliver, and this the plaintiff well knew and the reason why. It therefore added nothing to his liability; that depended wholly upon the manner in which the butter had got out of his possession and power to deliver. These views of the effect of a demand and refusal, when the party upon whom the demand is made has not the demanded property in his possession or under his control at the time, are fully supported by the case of *Rice* v. *Clark*, 8 Vt. 109.

. Judgment reversed and case remanded.