## WORCESTER & WOODRUFF v. E. G. LAMPSON.

### Jurisdiction of County Court.    Agent.

1. The amount of the plaintiffs' specification exceeded two hundred dollars, and their evidence tended to support the whole ; but the court found that they were entitled to recover less than two hundred dollars, because some of the items should have been charged to another party. This was the issue on the trial. There was no evidence of good faith in bringing the suit to the County Court, but the court found that "there was no bad faith in the matter on the part of the plaintiffs, but they were misled by the negligent manner in which their books had been kept" by their bookkeeper. *Held*, that the court had jurisdiction; and that the presumption is that they acted in good faith.

2. The rule that the knowledge of an agent is imputable to the principal has no application to this case.

ASSUMPSIT.  Plea, the general issue.  Trial by the court, December Term, 1882, TAFT, J., presiding.  Judgment for the plaintiff.  The facts are sufficiently stated in the opinion of the court, except the following:  The court found that Chase, the agent or bookkeeper of the plaintiffs, knew that these items (certain ones on the plaintiffs' specification) were not chargeable to the defendant, and that he charged them to the Windsor Mfg. Co. on the account book or pass-book kept by him at the time, and put in evidence by the defendant.  The plaintiffs' attorney brought the suit in good faith, but was ignorant of the facts relative to the account.

*Wm. Batchelder*, for the defendant.

The plaintiffs' agent, Chase, knew that all of these items but $21.60 were not chargeable to the defendant.  It is presumed that the agent communicated these facts to his principals.  Notice to him was notice to them.  Story Agency, s. 140 ; *Hart* v. *F. & M. Bank*, 33 Vt. 252 ; *Corless* v. *Smith*, 53 Vt. 535 ; *Abell* v. *Howe*, 43 Vt. 409 ; Wait, A. & D. p. 231 ; 19 Vt. 410.

*Gilbert A. Davis*, for the plaintiffs.

The matter in demand exceeded $200. R. L. ss. 798, 821. The criterion is the amount of the matter in demand as distinguished from the amount recovered. *Scott* v. *Moore*, 41 Vt. 210; *Miller* v. *Livingston*, 37 Vt. 467; *Powers* v. *Thayer*, 30 Vt. 361. The good faith of the attorney is an element in deciding upon the jurisdiction. *Stanley* v. *Baker*, 25 Vt. 10. Good faith is presumed. *Scott* v. *Moore, supra; Clark* v. *Crosby*, 37 Vt. 190; *Brainerd* v. *Austin*, 17 Vt. 650.

The opinion of the court was delivered by

VEAZEY, J. This is an action of assumpsit. The plaintiffs presented specifications of their claims; and the items they claimed to recover for amounted when the suit was brought to over $200. The court found that a part of the items claimed belonged to another party to pay. This was the issue on the trial. The amount of the recovery was less than $200. The plaintiffs introduced no evidence for the purpose of showing that they brought the suit in good faith in the County Court; or as expressed in the bill of exceptions: " No evidence was introduced tending to show that the plaintiffs, or either of them, supposed or believed that they had a cause of action against the defendant within the jurisdiction of the County Court at the time the suit was brought, and no evidence on this point was offered by the plaintiffs save that Woodruff testified that he had the unpaid bills in suit."

At the close of the testimony the defendant moved to dismiss the case for want of jurisdiction in the court to try the same because it did not appear that the plaintiffs had brought their suit in good faith supposing they had a claim within the jurisdiction of the court at the time the suit was brought. The court overruled the motion, to which the defendant excepted. It is not necessary for a plaintiff having brought a suit in the County Court to recover claims amounting to over $200, and having introduced evidence which tended to support the whole, to show that he brought it in that court in good faith, supposing he had a cause of action within its jurisdiction. The presumption is that he acted in good faith, and that is sufficient until something appears to overcome it.

*Joyal* v. *Barney*, 20 Vt. 154; *Waters* v. *Langdon*, 16 Vt. 570; *Ladd* v. *Hill*, 4 Vt. 164.

In this case the court found that "there was no bad faith in the matter on the part of the plaintiffs, but they were misled by the negligent manner in which their books had been kept" by their bookkeeper, who had been out of their employment for several years since he sold the goods and made the charges, and with whom it did not appear that they had since had any communication about the matter. The rule that knowledge of an agent is imputable to the principal has no application in this case. Other rules and reasons might be invoked to support the ruling of the County Court, but it is unnecessary.

Judgment affirmed.