ARTHUR C. BARNARD *v.* RICHARD H. LEONARD.

February Term, 1917.

Present: WATSON, C. J., HASELTON, POWERS, TAYLOR, and MILES, JJ.

Opinion filed May 1, 1917.

*County Court—Original Jurisdiction—Amount in Demand—Exceptions—When Unavailing.*

An action brought to the county court will not be dismissed for want of original jurisdiction because according to plaintiff's evidence the amount in demand is less than $200, where the *ad damnum* in the suit and the plaintiff's specifications are large enough in amount to give the county court original jurisdiction, and there is no finding that the plaintiff did not act in good faith in bringing the suit as he did.

A general exception to the charge of the court, which states no ground of objection, is unavailing.

GENERAL ASSUMPSIT. Pleas, the general issue and setoff. Trial by jury at the June Term, 1916, Addison County, *Miles, J.,* presiding. Verdict for plaintiff. Defendant excepted.

At the close of the plaintiff's case, the defendant moved to dismiss the action for want of original jurisdiction in the county court, for that on the plaintiff's evidence, the sum or matter in demand did not exceed two hundred dollars, as provided in P. S. 1351 and 1390; and for that the plaintiff was well aware of the amount of his claim and did not act in good faith in bringing the suit. The motion was overruled, and the defendant excepted.

*Phelps & Pratt* for the defendant.

The county court had · no jurisdiction of the action, the

amount in demand being less than $200. P. S. 1351, 1390, *Miller* v. *Livingston,* 37 Vt. 467; *Southwick* v. *Merrill,* 3 Vt. 320; 11 Cyc. 775, 776; *Brainard* v. *Austin,* 17 Vt. 650; *Field* v. *Randall,* 51 Vt. 33; *Madison* v. *Spitsnogle,* 58 Iowa 369; *Dewitt Co.* v. *Wischkemper,* 95 Texas 43.

*Thomas W. Moloney* and *John S. Dorsey* for the plaintiff.

The jurisdiction of the county court should be sustained whenever resorted to in good faith. *Edgerton* v. *Smith,* 35 Vt. 573; *Joyal* v. *Barney,* 20 Vt. 154; *Brainard* v. *Austin,* 17 Vt. 650.

Bad faith will not be presumed. In order to oust the county court of jurisdiction, it must be affirmatively shown that plaintiff brought suit therein in bad faith. *Bickford* v. *Travelers' Ins. Co.,* 67 Vt. 418; *Drown* v. *Forrest,* 63 Vt. 557; *Mellen* v. *Accident Ins. Co.,* 83 Vt. 242.

Defendant's exception to the charge is unavailing because it did not point out wherein it was claimed to be defective. *Rowell* v. *Fuller,* 59 Vt. 688; *Lee* v. *Follensby & Peck,* 86 Vt. 401; *Goodwin* v. *Perkins,* 39 Vt. 598; *Knight* v. *Smythe,* 57 Vt. 529.

WATSON, C. J. This is an action of general assumpsit, brought to the county court. The *ad damnum* in the writ was placed at $400. The plaintiff's specifications filed with the writ consisted of two items: (1) Logs skidded and piled under contract, $300; (2) damages for breaking contract, $100—total, $400. The defendant pleaded the general issue, and also filed a declaration in set-off, claiming damages in excess of $250. The trial was by jury. At the beginning of the trial the court ruled that plaintiff could not recover on his declaration, for damages caused by breach of the contract; whereupon plaintiff's counsel stated that plaintiff would seek to recover under the *quantum meruit* count for labor and services performed. The contract was in writing.

The plaintiff's evidence tended to show that he piled and skidded in all 115,000 feet, and that $1.50 per 1,000 feet was a reasonable price for doing this work. His evidence also tended to show that he was paid by the defendant, after the first 50,000 feet had been skidded and piled, the sum of $50.

At the close of the plaintiff's case, the defendant moved that the action be dismissed for want of original jurisdiction in the

county court, stating that in any event, according to the plaintiff's evidence, the sum or matter in demand did not exceed the sum of $128.   The motion was overruled and defendant excepted.   As before seen, the *ad damnum* in the writ, and the plaintiff's specifications as filed, were large enough in amount to give the county court original jurisdiction.   There is no finding that the plaintiff did not act in good faith in bringing his suit as he did, and on the contrary the court below seems inferentially to have negatived bad faith, by overruling the motion. This exception is without force. *Worcester et al.* v. *Lampson,* 55 Vt. 350; *Drown* v. *Forrest,* 63 Vt. 557, 22 Atl. 612, 14 L. R. A. 80; *Bickford* v. *Travelers' Ins. Co.,* 67 Vt. 418, 32 Atl. 230; *Mellen* v. *United States Health & Acc. Ins. Co.,* 83 Vt. 242, 75 Atl. 273.

The bill of exceptions shows an exception taken to what purports to have been a part of the charge to the jury.   This exception is general, and states no ground of objection.   For this reason, if for no other, it is unavailing.   *Patterson* v. *Modern Woodmen of America,* 89 Vt. 305, 95 Atl. 692.

*Judgment affirmed.*