STATE *v.* ELLA JACKSON.

November Term, 1928.

Present: WATSON, C. J., POWERS, SLACK, MOULTON, and CHASE, JJ.

Opinion filed January 3, 1929.

*A. W. Farman* for the respondent.

*James Brownlee,* State's attorney, for the State.

MOULTON, J. The respondent was convicted of the offense of driving an automobile upon a public highway while under the influence of intoxicating liquor, after a trial by jury in the Orleans County municipal court. The case is before us on her exceptions.

The evidence of the State tended to show the respondent's erratic management of her automobile and her extravagant actions and speech after she was stopped; her statement that she had had to drink a bottle of "near beer" and a glass of "home brew"; and the fact that her breath had the odor of liquor. The defense called a physician as a witness, who testified that the drinking of lager beer would cause a beery smell on the breath. He testified also that he never drank any "near beer," or smelled it, or had anything to do with it. He was then shown some liquid taken from a bottle of "near beer," claimed to be non-intoxicating beverage, previously identified by respondent to be what she had been drinking, and asked to examine it, taste it, and smell it, and say whether in his opinion it "would give one the same breath as one would have from drinking lager beer?" The question was excluded, and the respondent excepted.

Another physician, called by the respondent, testified that lager beer would produce a beery breath, and that "near beer" is the same thing as lager beer, except the alcoholic content is much less. He was asked: "What do you say as to whether or not near beer would give a breath similar to that of lager beer?" To the exclusion of this question respondent excepted.

There was no error in either ruling. The respondent says that a witness called by the State had testified that he was sure that he could detect the odor of near beer or something of that sort. But the transcript does not substantiate this claim. What the witness said was that he observed a very strong smell of liquor, although what kind of liquor he did not know; he would not call it a beer smell exactly, it was not a whiskey smell, but a peculiar smell, of some kind of alcohol. Nothing was said as to its being a beery smell, and the drinking of lager beer as the cause of it was not, so far as appears by the record, claimed by

the State. It was therefore immaterial whether or not "near beer" and lager beer would produce the same odor.

 The respondent excepted to certain language used by the court in the charge. But in taking the exception, no ground of objection was stated, and so the question is not for consideration here. *Barnard* v. *Leonard,* 91 Vt. 369, 371, 100 Atl. 876; *Patterson* v. *Modern Woodmen of America,* 89 Vt. 305, 95 Atl. 692; *In re Bean's Will,* 85 Vt. 452, 464, 82 Atl. 734; *Lynds* v. *Plymouth,* 73 Vt. 216, 221, 50 Atl. 1083. We have repeatedly held, and here reaffirm, that to be availing it must appear that the exception taken below was sufficiently explicit to apprise the trial court of the real point of it. *Cummings* v. *Ins. Co.,* 101 Vt. 73, 82, 142 Atl. 82; *Higgins, Admr.* v. *Metzger,* 101 Vt. 285, 143 Atl. 394, 399; *Woodhouse* v. *Woodhouse,* 99 Vt. 91, 148, 130 Atl. 758; *Kimball* v. *Ins. Co.,* 98 Vt. 192, 207, 126 Atl. 553; *Moore* v. *Duke,* 84 Vt. 401, 407, 80 Atl. 194; *Holbrook* v. *Quinlan & Co.,* 84 Vt. 411, 428, 80 Atl. 339. An exception must reasonably indicate to the trial court the fault found with the ruling, and the question must be brought before us by an appropriate exception appearing upon the record. No exception is "appropriate" that leaves the trial court in ignorance of the precise ground upon which it is predicated. *Morgan* v. *Gould,* 96 Vt. 275, 279, 119 Atl. 517; *Eastern States, etc., League* v. *Vail's Estate,* 97 Vt. 495, 514, 124 Atl. 568, 38 A. L. R. 845; *Newton* v. *Am. Car Sprinkler Co.,* 88 Vt. 487, 494, 92 Atl. 831; *State* v. *Marino,* 91 Vt. 237, 242, 99 Atl. 882.

*Judgment that there is no error in the proceedings, and that the respondent takes nothing by her exceptions. Let execution be done.*