ELIZABETH WETMORE *v.* B. W. HOOKER CO., INC.

January Term, 1941.

Present: MOULTON, C. J., SHERBURNE, BUTTLES, STURTEVANT and JEFFORDS, JJ.

Opinion filed February 11, 1941.

520

*H. C. Shurtleff* for plaintiff.

*Carver & Lawson* for defendant.

JEFFORDS, J. This is an action of tort tried in the Montpelier Municipal Court without a jury. The complaint contained a count in trover and one in negligence.

The court found the following facts:

> "1. That on or about the latter part of May or the first part of June, 1931, the plaintiff left two rugs with the defendant for storage;
>
> "2. That the defendant placed the two rugs in its storehouse in Barre, Vermont, where customarily goods of like nature belonging to the defendant and other people were stored;
>
> "3. That the plaintiff up to that time had transacted a substantial amount of business with the defendant company and had paid the defendant large sums of money as a customer and the defendant and the plaintiff were very friendly;
>
> "4. That the defendant made no charge and did not intend to make any charge for the storage of the said rugs."

From the findings that followed the above it appeared that in 1938 the plaintiff demanded the rugs. The defendant found one but could not find the other. The defendant offered to replace the lost rug but the plaintiff was not satisfied with the samples of rug material shown her and refused the offer. The defendant searched diligently and within a short time after this action was brought found the lost rug and offered to return it to the plaintiff but this offer was refused. The defendant made no claim of title in either of the rugs and was willing at the time of the demand to deliver the one it had found and would have delivered the other if it could have been located.

The court in conclusion found that the defendant claimed no title to the property nor did it appropriate the same in any way as its own and the non-delivery was due to the fact that the rug was mislaid. That, except for such implication of mutual benefit as may appear from the foregoing facts, the storage was solely for the benefit of the plaintiff.

The court entered judgment for the defendant and the plaintiff excepted to such entry. The plaintiff made certain requests for findings which were refused and she excepted to the refusal. We will first consider these latter exceptions.

The plaintiff requested that in finding No. 3 after the word, "money," the words, "amounting to thousands of dollars," be inserted. It is apparent that the purpose of this re-

quest was to show consideration for the bailment. The ultimate fact bearing on this issue was found and it is not error for the failure of the court to report the evidence upon which such fact is based. *Village of St. Johnsbury* v. *Cenedalla,* 109 Vt. 174, 182, 194 Atl. 382, and cases therein cited.

■ Another request of the plaintiff was that the court substitute the words, "some three months," for "a short time," in reference to the finding of the lost rug after this suit was brought. There was evidence in the case fairly and reasonably tending to support the wording of the finding and, moreover, this finding was immaterial to any issue in the case. Consequently, the exception here taken is not sustained.

■ The plaintiff requested that testimony from certain witnesses be incorporated in the findings. In disposing of the exceptions to the failure to so find it is sufficient to say that neither in her requests to find nor in her exceptions to the refusal did the plaintiff point out to the court any reason or ground upon which the requests were predicated beyond the mere statement to the effect that the witnesses had testified in accordance with the requests. Hence these exceptions are overruled. *State* v. *Jackson,* 101 Vt. 416, 144 Atl. 193; *Eastern States, etc., League* v. *Vail's Estate,* 97 Vt. 495, 515, 124 Atl. 568, 38 A. L. R. 845.

The plaintiff requested the court to change finding No. 4 so as to have it read as follows, the requested added words being italicized:

> "The defendant *took the above into consideration and* made no charge and did not intend to make any charge for the storage of said rugs. *In fact it was conceded that the above trading relations had something to do with the agreement that the rugs were to be stored gratis.*"

■■ The first above group of underlined words were properly refused as a finding as there was no evidence in the case, pointed out by the plaintiff, fairly and reasonably tending to support such a finding. The word, "above," according to the plaintiff refers to the business transactions between the parties set forth in finding No. 3. One Bixby who dealt with the plaintiff for the defendant in the matters relating to the rugs and who was a witness called by the defendant was asked in cross

examination, in effect, if he took into consideration the purchases the plaintiff had made previously of the defendant when he offered to store the rugs gratis. The witness answered, in substance, that he did it as an accommodation strictly; that the plaintiff had always been considered by him as a friend and that one is inclined to do a favor for a friend. Here again the apparent purpose was to obtain a finding showing a legal consideration for the bailment. The answer of the witness shows lack of the same.

It is true that a concession was made by defendant's counsel as stated in the latter group of above underlined words and it is also true, as claimed by plaintiff in her brief, that such concession was conclusive and binding on the defendant. The plaintiff was not harmed, however, by the court's refusal to incorporate the concession in its findings for it was immaterial to the issue of valid consideration for the bailment, the only issue in the case to which it is claimed to be pertinent by the plaintiff. That the previous trading relations between the parties and their friendship had "something to do" with the agreement that the rugs were to be stored without charge could be as readily inferred by the court below from the evidence in the case and by this Court from the findings as made, without, as with, the aid of this concession which was so vague as to add nothing to the facts in the case. The plaintiff apparently wished the concession incorporated in the findings so that an inference might be drawn from it that the bailment was for hire. That the court would have been wrong if it had granted the plaintiff's request for this purpose is shown by the testimony of Bixby above referred to. There was no error in refusing the request as to finding No. 4.

The exception to the judgment which we now consider presents only the question whether the findings are such as to support the judgment. *Mott* v. *Bourgeois,* 109 Vt. 514, 521, 1 Atl. 2d. 704 and cases cited therein.

It is clear that the count in trover is not sustained by the findings. In order to charge a person for the conversion of property, something more than mere nonfeasance must be shown. The loss of property through negligence does not make one liable in an action for trover. *Oakdale Farms, Inc.* v. *Rutland R. R. Co.,* 104 Vt. 279, 289, 158 Atl. 678; *Manley Bros.* v.

524

*Boston & Maine R. R.*, 90 Vt. 218, 221, 97 Atl. 674; *Tinker* v. *Morrill*, 39 Vt. 477, 94 Am. Dec. 345. Nothing more here appears than nonfeasance on the part of the defendant.

The plaintiff claims, in effect, that this case is taken out of the foregoing rule by the failure of the defendant to deliver the rug upon demand. A demand and refusal is only evidence of a conversion where the defendant was in such a condition that he might have delivered the property if he would. *Tinker* v. *Morrill, supra; Buck* v. *Ashley,* 37 Vt. 475. The defendant came lawfully in possession of the rugs. The failure to deliver on demand was caused by no act of conversion on its part. Under such circumstances a mere failure to deliver is not such a detention as will constitute a conversion. *Tinker* v. *Morrill, supra; Buck* v. *Ashley, supra; Rice* v. *Clark,* 8 Vt. 109; Ann. 61 A. L. R. at 628.

The last question to be determined relates to the count of negligence. It is apparent, as virtually conceded by the plaintiff, that the court in rendering judgment for the defendant found the bailment to have been for the sole benefit of the bailor. It was correct in arriving at this conclusion. The facts as found warrant no other reasonable inference. There was no solicitation of the plaintiff by the defendant to leave the rugs. No compensation for the storage was made nor intended to be made. Nor was the bailment a necessary incident to the business of the bailee in which it made profit. Any pecuniary gain to the defendant as a result of the bailment is entirely a matter of speculation. The facts in this case are similar to those in *Whitney* v. *First National Bank of Brattleboro,* 55 Vt. 154, 45 Am. Rep. 598, wherein a deposit of bonds was held to have been a gratuitous bailment. See also 6 Am. Jur. 151.

The court also found that in storing the rugs the defendant used the same degree of care as it exercised in caring for its own property under like circumstances. This conforms to a test for due care approved in *Whitney* v. *First National Bank, supra.*

*No error appears. Judgment affirmed.*