**HENRY J. ROBB, Inc. v. URDAHL et al.**

No. 1010.

Municipal Court of Appeals for the District of Columbia.

Argued Jan. 15, 1951.

Decided Jan. 31, 1951.

Geo. C. Ober, Jr., and Charles B. Sullivan, Jr., Washington, D. C., for appellant.

Michael F. Keogh, Washington, D. C., with whom J. Robert Carey and John F. Costello, Washington, D. C., were on the brief, for appellees.

Before CAYTON, Chief Judge, and HOOD and CLAGETT, Associate Judges.

HOOD, Associate Judge.

Appellant, owner of a garage building, engaged appellees, consulting engineers, to prepare the necessary plans and specifications for, and to supervise the installation of, a heating system sufficient in size

and design to heat the building to a temperature of seventy degrees. Appellees prepared plans and specifications; bids based thereon were obtained; and a contract for the installation was awarded to Combustioneer Corporation at a cost of $4,602. The work was done by the contractor under appellees' supervision, but upon completion it was found that the building was inadequately heated.

Investigation by the contractor and appellees disclosed that in preparing the plans appellees had made a mathematical error. To correct this error appellees prepared additional plans calling for three new heaters and the relocation of one. Appellant accepted these plans and authorized the contractor to do the work called for by them. Such work was done at a cost to appellant of $1,403.00. Appellant sued appellees for this sum,[1] less $138.06, the balance due appellees on their agreed fee. Appellees filed a counterclaim for the balance of their fee.

The trial court found that had the plans been correctly drawn originally the cost of installation would have been $183.30 less than the total cost of the two jobs. This difference was due to an increase in costs of material and labor between the dates of the original and the final installations. Finding and judgment were entered for the appellant for $183.30 and for appellees for $138.06 on their counterclaim.

Appellant's main argument is that the trial court applied an erroneous measure of damages. In its brief appellant states its position to be "that appellant expected to get a complete heating plant for $4602.00 and due to the negligence of the appellees it was required to spend an additional $1403.00, or a total of $6005.00, in order to obtain what it originally contracted for and expected to get for $4602.00," and "that the measure of damages is the cost of correcting the defects occasioned by the negligence of the appellees or $1403.00."

It should be noted that appellant made no claim that it was damaged by reason of inadequate heating in the interval between the first and second jobs or by the delay in final installation of the completed heating system. Neither did appellant offer any evidence that it would not have contracted for the heating system if it had originally known the actual cost that was eventually established. And no attempt is made by appellant to show that it could have obtained a heating system answering its needs at a cost less than that charged by the contractor. Appellant's only claim for damages is based on the fact that relying on the plans and specifications first furnished by appellees it was led to erroneously believe and expect that under its original contract with Combustioneer Corporation it would receive a complete and adequate heating system for $4,602, but that to obtain such a heating system it was compelled to expend an additional sum of $1,403.

 Compensation is the basic principle of damages.[2] For breach of contract the injured party is entitled to be compensated for losses which are the natural consequence and proximate result of the breach.[3] The purpose of such compensation is to place the injured party in as good a position as that in which full performance would have placed him.[4] He is not entitled because of a breach to be put in a better position than he would have been had the contract been fully performed.[5]

 We have found no case squarely in point with the present one, but applying the general principles of damages above stated we conclude that the judgment of the trial court was correct. Appellees contracted to furnish plans for a heating system which would heat the building to seventy degrees. They did not contract to install the system or guarantee that the system could be installed for any specified sum. Appellees through negligence failed to furnish the proper plans, but when such negligence was

1. The complaint alleged the cost to be $1,503, but the evidence showed the correct figure to be $1,403.

2. Miller v. Robertson, 266 U.S. 243, 45 S. Ct. 73, 69 L.Ed. 265.

3. Thompson v. Rector, 83 U.S.App.D.C. 371, 170 F.2d 167.

4. Fleming v. Twine, D.C.Mun.App., 58 A. 2d 498.

5. Clarke v. Cleckley, D.C.Mun.App., 55 A. 2d 287.

discovered they supplied supplemental plans which together with the original plans fulfilled their contract obligation. Had the original plans been free from error the heating system would have cost appellant $183.30 less than was the cost by use of the original and supplemental plans. Thus appellees' error cost appellant $183.30 and appellees are liable for that amount. Such amount places appellant in the same position it would have been in if the error had not been committed. A larger sum would permit appellant to profit by appellees' mistake.

It is true that appellees' error caused appellant to believe and expect it would get the plant at a lesser price than it actually cost. But, without some special circumstances not here shown, the law does not provide compensation for disappointment over nonrealization of a belief or expectation.

Allowance of recovery by appellees of the balance of their fee was also proper. The agreed fee was $460.20, or ten per cent of the cost of the work under the original plans and specifications. This fee was not increased either by preparation of the additional plans or by the increase in the total cost of the heating system. The additional plans prepared by appellees constituted a full, although delayed, performance of their contract. Such performance coupled with making good the loss occasioned by their neglect entitled appellees to the balance of their fee.

Affirmed.