### BOISEAU v. MORRISSETTE.

#### No. 1016.

Municipal Court of Appeals for the
District of Columbia.

Argued Jan. 22, 1951.

Decided Feb. 12, 1951.

Rehearing Denied March 15, 1951.

7. The agent advanced it for the insured, but that is of no consequence.

Cornelius H. Doherty, Washington, D. C., for appellant.

Mark C. Bowsher, Washington, D. C., for appellee.

Before CAYTON, Chief Judge, and HOOD and CLAGETT, Associate Judges.

CLAGETT, Associate Judge.

Originally begun as a suit for breach of contract of bailment, this action concluded as a claim for damages for the detention of a barrel of Haviland china. Plaintiff stored the china, together with other household goods, with defendant storage company in Washington. He left the goods there for approximately two years and after moving west ordered the entire shipment delivered early in 1948 to the Universal Carloading and Distributing Company for transfer to California. All the other articles were shipped but the barrel of china was reported missing. In December 1948, plaintiff sued defendant for the full value of the barrel of china. Defendant answered and denied liability and filed a third-party complaint against the Universal Carloading and Distributing Company, claiming that the entire shipment had been delivered to that company. Trial of the case was delayed until September 1950.

Meanwhile, in April or May 1950, defendant discovered the missing barrel in its own warehouse where it had become mixed with the goods of another customer. It thereupon offered to send the barrel to California at its own expense and to pay actual court costs to date, but to this offer it attached a condition that the pending suit be first dismissed. Plaintiff refused this offer. At the trial held in September 1950, plaintiff was permitted to amend his complaint so that instead of claiming the full value of the china, he asked for compensation for damages allegedly resulting from the detention. The goods were finally delivered to plaintiff in Washington after trial but before judgment. The trial court refused to award any damages, and this appeal resulted. Meanwhile the third-party complaint was dismissed.

Plaintiff claimed four specific items of damage, namely, $104 for plane fare between St. Louis, Missouri, and Washington on account of a trip he made in July 1948 allegedly in an effort to locate his missing china; $240 for plane fare for a trip between California and Washington at the time of the trial in 1950, allegedly made primarily because of the refusal of defendant to deliver the china unconditionally so that plaintiff might inspect and identify his goods; a sum indefinite in amount, but calculable from data submitted, for his time spent in the latter trip; and $300 paid to his Washington attorney, partly for efforts in locating the missing china and obtaining its release from defendant's warehouse and partly for the trial of the present case. No claim was made for loss of the use of the goods during the detention.

Plaintiff bases his theory of recovery on the contention that the defendant committed a conversion of the property (1) by his negligent misplacing of the barrel in his own warehouse in 1948 resulting in a failure to deliver it upon demand and (2) by his conditional tender of the property in May 1950.

■ A bailee for hire is liable when property is lost and where the loss results from his negligence, and, in the absence of a special agreement, the measure of his liability is the reasonable value of the prop-

erty.[1] But, the property in the present case having been discovered before trial, it does not appear that there was any technical conversion of the property by defendant in his failure to deliver the barrel of china in 1948. The non-delivery was due to the fact that the barrel was mislaid. Under such circumstances, a mere failure to deliver is not such a detention as will constitute a conversion,[2] and at that stage of the transaction there would seem to be no liability on the part of defendant for incidental expenses then incurred by plaintiff ostensibly in an effort to locate the property.

We believe, however, that an actual conversion did result when defendant, after discovery of the barrel, refused to deliver it to plaintiff except upon the condition that the pending suit be dismissed. A bailee can not qualify his duty to return the bailed property by prescribing conditions not implied by law nor contemplated by the parties in the contract of bailment.[3] Plaintiff had the right to insist on the delivery of his goods without first dismissing his suit against defendant. Defendant's conditional tender amounted to a willful refusal which was deliberate and without legal justification. Where a bailee for hire wrongfully refuses to deliver possession to the owner and exercises dominion over the property to the owner's detriment, he is liable for the tort of conversion.[4]

Thus we reach the principal point argued by counsel both here and in the trial court: What damages, if any, plaintiff was entitled to collect. Plaintiff accepted the return of the goods after the trial and made no claim for the loss of their use during the period of unlawful detention. The question is thereby narrowed to the claim for traveling expenses incurred by plaintiff in September 1950 in traveling from California to Washington, for loss of time, and for fees paid to his Washington attorney in an attempt to regain possession of the goods from the time of the unlawful detention in May 1950 up to and including the trial of the case. Compensation is the basic principle of damages.[5] An injured party is entitled to be compensated for losses which are the natural consequence and proximate result of a tort. Here we have a willful conversion of plaintiff's property. A bailee who tortiously retains the property of another must expect that the owner will endeavor to recover it before he resorts to an action for damages for its conversion, and that in so doing he will or may incur expenses.[6] To refuse the owner the right to recover his reasonable expenditures thus incurred would be to send him out of court without full redress for the wrong he has suffered.[7]

The return of the property after trial is not a complete defense but would serve only to mitigate damages. Truth Seeker Co. v. Durning, 2 Cir., 147 F.2d 54, 56. In that case it was stated that such was the well settled rule of the common law now embalmed in Restatement, Torts, § 247 (1934), dealing with the conversion of chattels. "Indeed, as there stated, three

1. 8 C.J.S., Bailments, § 26.

2. Wetmore v. B. W. Hooker Co., 111 Vt. 519, 18 A.2d 181; Emmert v. United Bank & Trust Co. of California, 14 Cal. App.2d 1, 57 P.2d 963; Nye v. Johnson, 72 N.D. 95, 4 N.W.2d 819; Restatement, Torts, § 224 (1938); Annotation 116 A. L.R. 870.

3. Weinberg v. Dayton Storage Co., 50 Cal.App.2d 750, 124 P.2d 155; Mockford v. Iles, 217 Ind. 137, 26 N.E.2d 42; Brown v. Philadelphia, B. & W. R. Co., 36 App.D.C. 221, 32 L.R.A.,N.S., 189; 8 C.J.S., Bailments, § 37(a).

4. See Restatement, Torts, § 237 (1938).

5. Henry J. Robb, Inc., v. Urdahl, 1951, D. C.Mun.App., 78 A.2d 387.

6. United States v. Pine River Logging & Improvement Co., 8 Cir., 89 F. 907.

7. See Sapp v. Howe, 79 Ga.App. 1, 52 S. E.2d 571; Petroleum Products Corporation v. Sklar, 87 F.Supp. 715, D.C.W. D.La.1949. In California the code provides that the detriment caused by the wrongful conversion of personal property is, among other things, a fair compensation for the time and money properly expended in the pursuit of the property. Chatterton v. Boone, 81 Cal. App.2d 943, 185 P.2d 610; Woodbine v. Van Horn, 29 Cal.2d 95, 173 P.2d 17.

conditions must concur even for the mitigation of damages: that the conversion was in good faith, that the physical condition of the goods was unimpaired, and that tender was promptly made and kept good thereafter", citing Colby v. Reed, 99 U.S. 560, 25 L.Ed. 584. Thus it has been held, properly we think, in an action for conversion of personalty that a defendant's offer to return the personalty was insufficient to restrict recovery to nominal damages, where it appeared that such defendant's first offer was conditioned on reimbursement for its time and expenses and that its unconditional tender in an amended answer to the complaint was not made until 23 months after the conversion and 17 months after suit was brought.[8]

In summary it seems clear that the law will not allow a bailee for hire to go scot-free after he has misplaced a customer's goods through carelessness, deprived him of their use for more than two years, refused unjustifiably to deliver them to him for four or five months more after discovery and finally delivered them only when about to be ordered to do so by the court. Such would be the effect of the trial court's decision. We believe that plaintiff was entitled to recover for the reasonable expenses of his September 1950 trip east and for the time lost on it provided such trip was reasonably necessary under the circumstances to regain the property. Exactly what amounts should be assessed on this account will have to be determined at the new trial, which we believe essential. While, under well established principles, it seems clear that plaintiff is not entitled to recover such part of his attorney's fees as were incurred at the trial,[9] yet under the circumstances we believe he should be entitled to recover that part of his counsel fees as can be allocated to the efforts of such counsel to regain possession of the detained property before the date of trial provided also such employment of counsel was reasonably required under the circumstances. Such allocable portion of the fee may be easily ascertained at the retrial of the case.

We think we should mention one point urged by defendant, that in any event his damages were limited to $50 by the usual clause of the storage contract providing for such limitation. The rule in this respect is that a bailee may limit his liability for goods deposited with him, except for gross negligence, willful act, or fraud.[10] As we have already held, the later detention of plaintiff's goods was obviously willful and therefore the limitation of liability does not apply to the items of damage described above.

Reversed with instructions to award a new trial.

8. King v. Kansas City Life Ins. Co., 350 Mo. 75, 164 S.W.2d 458.

9. Code 1940, 11–1501, 11–1502; Cahill v. Bryan, D.C.Cir., 184 F.2d 277; Jones v. Stanley, 27 Ariz. 381, 233 P. 598; Guay v. Brotherhood Bldg. Ass'n, 87 N.H. 216, 177 A. 409, 97 A.L.R. 1053; 15 Am.Jur., Damages, § 145.

10. Barrett v. Freed, D.C.Mun.App., 35 A.2d 180; Fidelity Storage Co. v. Kingsbury, 65 App.D.C. 69, 79 F.2d 705.