## MORRISSETTE et al. v. BOISEAU.
### No. 1239.

Municipal Court of Appeals
District of Columbia.

Argued Aug. 4, 1952.

Decided Sept. 8, 1952.

Mark C. Bowsher and Milton M. Burke, Washington, D. C., for appellant.

Thomas S. Walsh, Washington, D. C. (Cornelius H. Doherty, Washington, D. C., on the brief), for appellee.

Before CAYTON, Chief Judge, and HOOD and QUINN, Associate Judges.

CAYTON, Chief Judge.

This case has been tried twice and appealed twice. The litigation began in De-

cember, 1948 when appellant, a warehouseman, was sued for failure to redeliver to a customer a barrel of china which was part of a lot of household goods stored with the warehouseman. At the first trial in September, 1950, it developed that some four or five months earlier the defendant had located the barrel and offered to send it to California (where the rest of the goods had been shipped) at his own expense, but that he attached to this offer the condition that plaintiff first dismiss the pending suit. This offer was refused by plaintiff who then came to this city from California to identify and regain possession of his detained property and to attend the trial. At the trial an arrangement was made that the barrel would be released to plaintiff the following morning. On that day plaintiff went to defendant's place of business to get the barrel and was asked to sign a receipt which included a release of liability. On advice of his attorney plaintiff refused to sign such release. The barrel was finally released to plaintiff on the following day, after a conference between opposing counsel and the trial judge.

The case then proceeded to trial on plaintiff's claim for damages in connection with the detention of the barrel, and there was judgment for defendant. On appeal we reversed. Boiseau v. Morrissette, D.C.Mun. App., 78 A.2d 777. We held that defendant after discovery of the barrel was guilty of a conversion when he refused to deliver it except on condition that the pending suit be dismissed. We said that plaintiff had the right to insist on the return of his goods without first dismissing the suit and that defendant's conditional tender amounted to a wilful refusal which was without legal justification. We ruled that plaintiff was entitled to recover the reasonable expenses incurred by him in an effort to regain his property, including the cost of his trip to Washington and salary lost, provided such trip was reasonably necessary under the cir-

cumstances. We also authorized reimbursement of plaintiff for the expense of legal fees, within certain limits which we shall discuss later in this opinion. Accordingly we remanded the case for a new trial on the question of damages.

After the second trial the judge awarded plaintiff $582.40, based on findings of fact and conclusions of law he filed in the case.[1] Defendant brings this appeal.

■ He challenges the ruling of the judge that there had been a conversion when defendant after discovery of the barrel wilfully refused to deliver it to plaintiff except upon the condition above-mentioned. But it is clear that the judge could not have ruled otherwise. In our decision we held that there had been a conversion and such holding became the law of the case and the issue was not subject to relitigation.[2]

The trial court awarded plaintiff $50 as nominal damages and $532.40 as special damages. The latter figure covered $245.-20 for the cost of plaintiff's travel from San Diego to Washington and return; $87.20 for five days' loss of time from work; and $200 for counsel fees allocable to efforts to regain the property after the conversion.

■ Appellant contends that the award of $50 as nominal damages was improper. The United States Court of Appeals for this circuit recently stated the applicable law (in a case in which there had been an award of $500 for nominal damages and $1,000 for compensatory damages): "The term nominal damages means a trivial sum—usually one cent or one dollar—awarded to a plaintiff whose legal right has been technically violated but who has proved no real damage. On the other hand, compensatory damages are awarded to repair the actual damage which the plaintiff proved he suffered at the hands of the defendant. Obviously a plaintiff cannot be entitled to both forms of damages."[3] The "special" damages awarded plaintiff in this

1. A procedure authorized by Municipal Court Rule 52(b).

2. Thompson v. Park Sav. Bank, 68 App.D. C. 272, 96 F.2d 544; Brown v. Gesellschaft Fur Drahtlose Tel. M. B. H., 70 App.D.C. 94, 104 F.2d 227; Fraser v. Crounse, D.C.Mun.App., 56 A.2d 54. See also Price v. Daine, D.C.Mun.App., 71 A. 2d 608; Pyramid Nat. Van Lines, Inc. v. Goetze, D.C.Mun.App., 66 A.2d 693.

3. Chesapeake & Potomac Tel. Co. v. Clay, U.S.App.D.C., 194 F.2d 888, 890.

case were of course intended to cover the actual damages he suffered at the hands of defendant. It was therefore error to award any additional sum as nominal damages.

■ Appellant challenges the finding that plaintiff's trip in 1950 was reasonably necessary under the circumstances. He does not deny that the circumstances required that someone inspect the barrel but he argues that this could have been done by plaintiff's mother or a brother, both of whom were in this city. There was no evidence that either of these persons saw what went into the barrel at the time of packing. The mother of plaintiff was summoned as a witness for defendant and her testimony by no means established that she could have identified the barrel or its contents, though it was she who had given the china to her son. As for the brother, defendant relies on the fact that the brother acted for plaintiff in having the barrel sealed after it was delivered to defendant, plus the fact that the barrel had plaintiff's name on the exterior in large black letters. But there seems to have been no dispute that only plaintiff and his wife knew exactly what was in the barrel. From the evidence as a whole we think it cannot be said as a matter of law that the questioned trip was not a reasonably necessary one.

Defendant also attacks the award for loss of time on the ground that since plaintiff gave his testimony at the second trial by deposition, there was no reason why that could not have been done at the first trial. But as we have already said, the circumstances justified a finding that plaintiff's trip to Washington to identify and inspect the barrel was reasonably necessary. Even then it is obvious that defendant was not willing to give up the barrel before trial. (In fact it was not delivered up until two days after trial and then only after a con-

troversy as to the kind of receipt plaintiff was asked to sign.) In such a situation we do not think it unreasonable as a matter of law for a plaintiff to have personally appeared as a witness in the trial of his own cause which took place the very next day.[4]

■ Lastly, we consider the reasonableness of the award of $200 for expense of attorney's fees incurred by plaintiff in attempting to regain his property after the conversion occurred. In our earlier opinion we said that a part of plaintiff's award could properly include "that part of his counsel fees as can be allocated to the efforts of such counsel to regain possession of the detained property before the date of trial [and after the conversion] provided also such employment of counsel was reasonably required under the circumstances."[5] Appellant asks us to rule that the award of $200 for such legal services is excessive. Though there was considerable controversy as to the nature and extent of the services performed by plaintiff's attorney, the showing was such that the trial judge could reasonably have found that the attorney had devoted a substantial amount of time and effort in the representation of his client in correspondence, telephone calls, negotiations and advice, and that such services were reasonably worth $200. We would not be justified in holding that this part of the finding was excessive.

It follows from all we have said that the judgment must be affirmed except for the award of $50 for nominal damages. The elimination of that item will, under our rulings as to other items of damage, dispose of the entire appeal. Accordingly, we order the judgment modified by reducing the amount thereof from $582.40 to $532.40. With such modification the judgment will be affirmed. See Code, 1951, § 11–772(c).

Modified and affirmed.

4. We note in passing that plaintiff's loss of time for the one day of the first trial ($17.44) is less than the cost of his deposition which was used in the second trial ($20.00).

5. 78 A.2d 777, 781.