Matthew BUMPHUS, Appellant,

v.

E. M. HARRINGTON, trading as E. M. Harrington Crane Service, and General Motors Acceptance Corporation, Appellees.

No. 2615.

Municipal Court of Appeals for the District of Columbia.

Argued Oct. 5, 1960.

Decided Jan. 19, 1961.

Albert A. Rapoport, Washington, D. C., for appellant.

Samuel H. Suls, Washington, D. C., entered an appearance for appellee Harrington but filed no brief.

Norman E. Sill, Washington, D. C., entered an appearance for appellee General Motors Acceptance Corp. but filed no brief.

Before HOOD and QUINN, Associate Judges, and CAYTON (Chief Judge, Retired) sitting by designation under Code § 11-776(b).

HOOD, Associate Judge.

Appellant sued appellee Harrington, who operates a towing service, for the wrongful detention of his automobile. Harrington by third-party complaint brought in appellee General Motors Acceptance Corporation which, he claimed, was responsible for withholding appellant's vehicle. After trial the court rendered judgment for Harrington on appellant's complaint and judgment for GMAC on the third-party complaint.

On December 9, 1957, appellant's automobile was involved in a collision in the District of Columbia. Shortly after the accident Harrington's tow truck appeared at the scene; and appellant, though he had not summoned the truck, directed the driver to tow his car to Arcade Pontiac for repairs. The next day appellant discovered that his automobile had not been taken to Arcade but instead had been towed to Harrington's garage. He then telephoned Harrington

who offered to repair the automobile. Appellant refused to authorize the repair job, and on December 12 he again telephoned Harrington to make arrangements to pick up his car. This time Harrington told appellant that a representative of GMAC, who also spoke to appellant, was in the shop and had informed him that he should not release the car to appellant as GMAC was repossessing it because of an overdue payment on a conditional sale contract. On the basis of GMAC's instructions Harrington retained the car in his place of business.

Harrington had had possession of appellant's automobile for a month when appellant paid GMAC the money due on the contract. With a letter of release from GMAC appellant went to Harrington's place of business on January 11, 1958. Once again Harrington refused to return the automobile, saying at the time that he should be paid for a month's storage. Appellant offered to pay the towing charge and storage for three days, December 9–12, the period during which Harrington held the car with appellant's permission. Harrington, however, again refused to give appellant possession of the vehicle. After numerous telephone calls, and some time lost at his job, appellant turned to the United States Attorney's office for help. This last step was all that was needed and Harrington, upon receipt of the towing charge and three days' storage, finally released the automobile on March 15, 1958.

 The above narrative of the facts demonstrates quite clearly that the trial court was in error when it rendered judgment in favor of Harrington. We have here a simple case of conversion of bailed property by the bailee, a tort for which appellant is entitled to recover damages.[1]

The conversion, however, did not occur on December 12,' 1957, the time of Harrington's first refusal to return the car. At that time, his refusal was a qualified one since a party with paramount title had claimed ownership of the car, i. e., GMAC.[2] Although Harrington admitted at trial that he did not actually see the title papers, it is clear that the so-called "repossessing papers" the GMAC representative asked him to sign[3] were enough to put him on notice that he could be liable to GMAC for returning the car to appellant.[4] Moreover, appellant's conduct in dealing with GMAC after Harrington's initial refusal to return the car and his apparent failure to attempt to recover it until after he had the letter of release from GMAC, indicate that at the time at least he was not questioning GMAC's right to repossess.

But when appellant showed Harrington the release from GMAC on January 11, 1958, and demanded his car, Harrington had no choice but to return it to appellant. He could not, as he did, claim storage charges for the month he held the car; those charges were a matter between himself and GMAC, not appellant. Therefore his refusal to deliver the automobile to appellant was a conversion which entitled appellant to recover compensation for the consequent losses he suffered during the period January 11, 1958, to March 15, 1958. Boiseau v. Morrissette, D.C.Mun.App., 78 A.2d 777. The amount of damages must be determined on a new trial and the case is hereby remanded for such a determination.

Judgment in favor of appellee Harrington reversed with instructions to grant a new trail as to damages only.

Judgment in favor of appellee General Motors Acceptance Corporation affirmed.

1. Restatement, Torts § 237; see also Boiseau v. Morrissette, D.C.Mun.App., 78 A.2d 777.

2. See Restatement, Torts § 240; 6 Am. Jur., Bailments § 222.

3. The papers were admitted as defendant's exhibits No. 1 and No. 2 but were not designated as part of the record by appellant.

4. See Bullock v. Young, D.C.Mun.App., 118 A.2d 917; Herring ,v. Creech, 241 N.C. 233, 84 S.E.2d 886.